BLD-243                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1266
_____

KEVIN WILLIAMS a/k/a KIRBY STEWART,
Appellant

v.

SECRETARY PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
SUPT. GERALD ROZUM; DEPUTY SUPERINTENDENT DANIEL GEHLMAN;
ACTING DEPUTY SUPERINTENDENT ALLEN JOSEPH;
UNIT MANAGER B. WESTLEY;
CORRECTIONAL INDUSTRY SUPERVISOR;
CORR COUNSELOR M. MARSHALL;
CHIEF GRIEV OFF DORINA VARNER;
SUPERINTENDENT JOHN KERESTES;
LIEUTENANT  HART; STAFF ASSISTANT JEFFREY BAKER;
PROGRAM REVIEW COMMITTEE, at SCI-Mah;
EDUCATIONAL DEPT., at SCI-Mah;
MEDICAL DEPT., at SCI-Mah
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-13-cv-00096)
District Judge:  Honorable Kim R. Gibson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 1, 2014

Before:  AMBRO, CHAGARES and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 7, 2014)

_____

OPINION
_____

PER CURIAM

Kevin Williams, proceeding pro se and in forma pauperis, appeals from the District Court's order dismissing his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). For the reasons set forth below, we will summarily affirm.[1]

I.

Williams, a Pennsylvania prisoner, filed several amended complaints pursuant to 42 U.S.C. § 1983 alleging that his rights were violated in various ways by prison officials and employees at SCI-Somerset and SCI-Mahanoy. The allegations of the complaints are numerous, but can be roughly categorized as the following: 1. Various pieces of his property were taken from him without justification and in violation of his constitutional rights; 2. He was not permitted to hire a private investigator using funds from his inmate account; 3. He has not been permitted to send legal mail when his inmate account has insufficient funds, in violation of his right to access the courts; 4. He has not been able to obtain the job or pay rate he desires due to discrimination against inmates serving life sentences; 5. Williams's desired transfer to SCI-Graterford was denied, in breach of a contract he had with prison officials and as retaliation for his previous lawsuits; 6. His

_____

[1] We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291. See Borelli v. City of Reading, 532 F.2d 950 (3d Cir. 1976). We may summarily affirm a decision of

2

typewriter was damaged in retaliation for his previous lawsuits and grievances; 7. All of the grievances he has filed while incarcerated have been denied pursuant to a biased and partial grievance process; 8. He was sent to the Restricted Housing Unit ("RHU") and subjected to threats against his life for exercising his right of free speech and writing request slips to the staff; and 9. He received inadequate medical care for an infection, in violation of his Eighth Amendment rights.

The Magistrate Judge recommended sua sponte dismissing the complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii). Following the Magistrate Judge's report and recommendation, Williams filed additional amended complaints that the District Court reviewed de novo. The District Court dismissed with prejudice the claims arising out of Williams's confinement at SCI-Somerset. As for the claims arising out of Williams's confinement at SCI-Mahanoy, the District Court stated that had they been adequately pleaded, they would have been transferred to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. §§ 1404(a) and 1406(a). The District Court therefore "dismissed [those claims] without prejudice to filing a complaint in the Middle District" of Pennsylvania. Williams timely appealed.

II.

We exercise plenary review over the District Court's dismissal order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). The legal standard for dismissing a

---

the District Court if the appeal does not raise a substantial issue. 3d Cir. LAR 27.4; I.O.P. 10.6.

complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). See Allah, 229 F.3d at 223. Dismissal is appropriate where the pleader has not alleged "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations omitted). The standard requires a two-part analysis. First, we separate the complaint's factual allegations from its legal conclusions. Having done that, we take only the factual allegations as true and determine whether the plaintiff has alleged a plausible claim for relief. See Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). "[A]n unadorned, the-defendant-unlawfully-harmed-me accusation" is not sufficient for a complaint to survive a motion to dismiss for failure to state a claim. Iqbal, 556 U.S. at 678.

Upon review, we conclude that the District Court properly dismissed Williams's claims related to his confinement at SCI-Somerset. Specifically, he failed to state a claim regarding items of property that were confiscated or damaged at various points during his incarceration. Williams cannot prevail on these claims because adequate state post-deprivation remedies were available to him. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Tillman v. Lebanon Cnty. Corr. Facility, 221 F.3d 410, 422 (3d Cir. 2000). According to the complaints, Williams exhausted the grievance process and filed state

4

court tort actions with respect to several of the alleged deprivations.[2]  Others were only dealt with through grievance process.  See Dkt. No. 12-1 (providing a record of grievances filed).  In either case, the available processes constituted an adequate post-deprivation remedy, and Williams therefore does not have a cause of action under § 1983 regarding the items that were confiscated or damaged.

Williams's claim regarding his alleged inability to hire a private investigator was also properly dismissed.  He did not allege that he had tried to hire one and been denied, only that he wishes to hire a private investigator "without [him or her] being on the approved list of vendors."  Dkt. No. 15, at 12.  It therefore appears that he is seeking an advisory opinion on the matter, which this Court cannot provide.  See U.S. Const. art. III, § 2; Armstrong World Indus., Inc. v. Adams, 961 F.2d 405, 410 (3d Cir. 1992).  To the extent he challenges the prison's policy of requiring inmates to make purchases through approved vendors, that claim was properly dismissed as well.  See Pell v. Procunier, 417 U.S. 817, 827 (1974) (stating that courts should defer to prison administrators' adoption and implementation of policies needed to ensure order and security).

---

[2] Williams acknowledged in his complaints that he filed two actions in the Court of Common Pleas for Somerset County relating to his allegations of property deprivation. See Dkt. No. 1-1 at 2, 3; Dkt. No. 15 at 3.  He provided exhibits regarding his filing of grievances in his second amended complaint, Dkt. No. 12.  The District Court dismissed these claims on res judicata grounds pursuant to Urrutia v. Harrisburg County Police Department, 91 F.3d 451, 461 (3d Cir. 1996), but the state court actions are not in the record of the case at bar.  We can affirm the dismissal of these claims on alternate grounds, however.  See Erie Telecomms. v. Erie, 853 F.2d 1084, 1089 n.10 (3d Cir. 1988) (holding that the Court may affirm on an alternative basis supported by the record).

We also agree with the District Court's dismissal of Williams's claim that the prison's failure to provide funding for postage for his legal mail violated his right to access the courts. Prisoners do have a fundamental right to access the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). However, a prisoner making an access-to-the-courts claim is required to show that the denial of access caused actual injury. Id. at 352-53. Actual injury occurs when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts. Christopher v. Harbury, 536 U.S. 403, 415 (2002). Here, Williams alleged only that he was told he could not send mail without having sufficient funds. He has not alleged that he lost a claim because of the supposed denial, and therefore he has not made out an access-to-the-courts claim.

Williams's claims relating to his ability to obtain the job he desires or receive a pay raise were also properly dismissed with prejudice. He alleged that this situation was the result of discrimination against "lifers" and constituted a violation of his rights under the Equal Protection Clause of the Fourteenth Amendment. Because prisoners are not a suspect class, see Lee v. Governor of N.Y., 87 F.3d 55, 60 (2d Cir. 1996), any differences in their situations need to be rationally related to a legitimate state interest. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 440 (1985). However, Williams has not pleaded facts tending to show that similarly situated prisoners have been treated differently than he. The District Court therefore properly dismissed his equal protection claim.

6

We also agree that Williams failed to state a claim for retaliation in the denial of his request to be transferred from SCI-Somerset to the correctional institution of his preference. The elements of a retaliation claim are: "(1) constitutionally protected conduct, (2) an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the exercise of his [constitutional] rights and the adverse action taken against him." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (internal quotations omitted) (alteration in original). The requisite causal connection can be demonstrated by "(1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." Lauren W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007). While Williams did satisfy the first element when he alleged that he was retaliated against for filing grievances and other lawsuits, he did not allege any facts that would satisfy the third element of a retaliation claim. Despite three amended complaints, he failed to show that the timing of the allegedly retaliatory act corresponded to any of his grievances or lawsuits. He states only that he had warned prison officials that "if I end up at any other institution other than SCI Graterford, [it] is in retaliation . . . for me filing lawsuits about my property in court." Dkt. No. 1, at 7. This conclusion is not sufficient to state a claim, and the claim was properly dismissed.[3]

---

[3] Williams also appeared to allege that the denial of his preference to be transferred to SCI-Graterford constituted breach of contract. The District Court did not discuss this

The District Court properly dismissed Williams's claim alleging bias in the grievance process. Williams stated that the chief grievance officer was "guilty of arbitrarily and capriciously deciding all grievances in favor of the D.O.C.," but did not provide any factual support for this allegation. His statement is an "unadorned, the-defendant-unlawfully-harmed-me accusation" expressly described as inadequate by Iqbal, 556 U.S. at 678, and therefore the claim was properly dismissed.

The District Court dismissed all of Williams's claims with prejudice, save for those arising from his confinement at SCI-Mahanoy, which were dismissed without prejudice to filing in the Middle District of Pennsylvania. We discern no error in the District Court's dismissal without prejudice of those claims related to plaintiff's confinement at SCI-Mahanoy.

III.

There being no substantial question presented on appeal, we will summarily affirm. Williams's "petition for extraordinary relief" is denied.

---

state-law claim, but pursuant to 28 U.S.C. § 1367(c)(3), it had discretion to decline to exercise jurisdiction over this claim after dismissing Williams's federal claims. We review such an act for abuse of discretion, see De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 311 (3d Cir. 2003), and find none here.