J-S64019-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| KEVIN WILLIAMS A/K/A KIRBY STEWART | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| PA DEPARTMENT OF CORRECTIONS | |
| Appellee | No. 838 MDA 2015 |

Appeal from the Order Entered on April 13, 2015
In the Court of Common Pleas of Schuylkill County
Civil Division at No.: CP-54-MD-0000278-2015

BEFORE:  FORD ELLIOTT, P.J.E., WECHT, J., and FITZGERALD, J.[*]

MEMORANDUM BY WECHT, J.:                **FILED NOVEMBER 20, 2015**

Kevin Williams a/k/a Kirby Stewart appeals the April 13, 2015 order affirming the Schuylkill County District Attorney's Office's disapproval of his private criminal complaint.  We affirm.

On October 28, 2014, Williams, an inmate at SCI-Forest, filed a private criminal complaint with the Schuylkill County District Attorney's Office. Therein, Williams set forth various allegations of mistreatment and theft by prison officials at SCI-Mahanoy.[1]  The district attorney denied Williams' private criminal complaint, noting that Williams' allegations concerned

---

[*]     Former Justice specially assigned to the Superior Court.

[1]     In his complaint, Williams listed as defendants John Kerestes, Sharon Lequis, "Program Review Committee," "Griffin," "Hart," and "Bisco."  ***See*** Private Criminal Complaint, 10/28/2014, at 1.

internal prison disputes that could be resolved best by the prisoner litigation system available to Williams pursuant to 42 Pa.C.S. § 6601, *et seq*. The district attorney also concluded that it was not in the best interests of the Commonwealth, nor the best use of the office's resources, to investigate and prosecute alleged prison misconduct. Williams then filed with the Schuylkill County Court of Common Pleas a petition for review of the district attorney's denial of his private criminal complaint pursuant to Rule 506 of the Pennsylvania Rules of Criminal Procedure. *See* Pa.R.Crim.P. 506(B)(2). On April 13, 2015, the trial court issued an order dismissing Williams' petition. In that order, the trial court explained that the district attorney did not abuse her discretion in denying Williams' private criminal complaint.

On May 1, 2015, Williams timely filed a notice of appeal. On May 11, 2015, the trial court ordered Williams to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Williams timely complied. On June 26, 2015, the trial court filed a Pa.R.A.P. 1925(a) opinion.

Williams raises six issues for our consideration:

1. Did the district attorney abuse her discretion by not pursuing criminal charges?

2. Did the district attorney have the matter investigated by the police and/or state police?

3. Did the [trial] court abuse its discretion by dismissing [the] private-criminal-complaint?

4. Did the [trial] court abuse its discretion by not granting [Williams] *in forma pauperis*?

5. Did the lower court abuse its discretion according to the valuation of property under Rule-3212?

6. Did the [district attorney and the trial] court abuse their discretion by not holding the Defendant(s) accountable for theft?

Brief for Williams at 2.

All of Williams' issues concern the district attorney's denial of his private criminal complaint. Accordingly, we address them collectively. To proceed with a private criminal complaint, a complainant must secure the approval of an attorney for the Commonwealth. Pa.R.Crim.P. 506(A). If the attorney for the Commonwealth disapproves the complaint, he or she must notify the complainant of the reasons supporting disapproval. Pa.R.Crim.P. 506(B)(2). Thereafter, the complainant may petition the trial court for review of the district attorney's decision. ***Id.***

In a Rule 506 petition for review, the trial court's standard of review is dependent upon the district attorney's rationale for the disapproval. ***Commonwealth v. Cooper***, 710 A.2d 76, 80 (Pa. Super. 1998). In the case *sub judice*, the district attorney concluded that Williams' allegations were civil, rather than criminal, in nature, and that adequate civil and administrative remedies are available to address those allegations.[2]

---

[2]     The fact that, over the last decade, Williams routinely has brought civil actions against the Pennsylvania Department of Corrections and its agents based upon similar circumstances supports the district attorney's reading of the instant complaint as civil in nature. ***See, e.g.***, ***Williams v. Sec'y Penna. Dep't of Corr.***, 566 F. App'x 113 (3d Cir. 2014) (summarily affirming the district court's dismissal of Williams' civil complaint alleging, *(Footnote Continued Next Page)*

Therefore, the district attorney disapproved of Williams' complaint and forwarded it to the investigative division of the Pennsylvania Department of Corrections.

Where, as is the case here, the district attorney's disapproval is based upon policy considerations,[3] the trial court must defer to that decision, and will not interfere absent a showing of bad faith, fraud, or unconstitutionality. *Id.* at 79-80.

> [T]he private criminal complainant must demonstrate the district attorney's decision amounted to bad faith, fraud, or unconstitutionality. The complainant must do more than merely assert the district attorney's decision is flawed in these regards. The complainant must show the facts of the case lead only to the conclusion that the district attorney's decision was patently discriminatory, arbitrary, or pretextual, and therefore not in the public interest. In the absence of such evidence, the trial court cannot presume to supervise the district attorney's exercise of prosecutorial discretion, and should leave the district attorney's decision undisturbed.

*In re Wilson*, 879 A.2d 199, 215 (Pa. Super. 2005).

This Court's standard of review also depends upon the district attorney's rationale for declining to bring criminal charges. As explained

---
*(Footnote Continued)*  ———————————

*inter alia*, that prison officials misappropriated his personal property without justification, and noting that Williams has filed multiple state tort actions alleging same).

[3] *See Cooper*, 710 A.2d at 80 (classifying as a valid policy determination a district attorney's conclusion that a civil action would be more prudent where the complainant is attempting to use the justice system for private purposes).

above, the district attorney disapproved of Williams' complaint based upon policy considerations. Therefore, our task is to "review the trial court's decision for an abuse of discretion, in keeping with settled principles of appellate review of discretionary matters." *Id.* at 215. Stated simply, we too must yield to the district attorney's policy determination absent a showing of bad faith, fraud, or unconstitutionality. *Cooper*, 710 A.2d at 80.

Williams has failed to make such a showing. He offers only a single conclusory assertion in his brief that "District Attorney Holman['s] decision not to prosecute [was] not in good faith." Brief for Williams at 7. Williams has not substantiated that allegation. Moreover, we have held that a district attorney's decision not to prosecute carries with it a presumption of good faith. *See Commonwealth v. Michaliga*, 947 A.2d 786, 791-92 (Pa. Super. 2008) ("The district attorney's decision not to prosecute a criminal complaint . . . carries a presumption of good faith and soundness . . . . The complainant must create a record that demonstrates the contrary."). Williams has not produced any evidence to overcome that presumption.

Because there is nothing in the record to suggest that the district attorney's decision was patently discriminatory, arbitrary, or pretextual, the trial court did not abuse its discretion in dismissing Williams' petition for review.

Order affirmed.

President Judge Emeritus Ford Elliott joins the memorandum.

Justice Fitzgerald concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/20/2015