J-S15022-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SCOTT KERNS | |
| Appellant | No. 1701 MDA 2014 |

Appeal from the Order of September 17, 2014
In the Court of Common Pleas of Berks County
Criminal Division at No.: CP-06-CR-0000371-2001

BEFORE:  LAZARUS, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY WECHT, J.:                    **FILED MARCH 13, 2015**

Scott Kerns appeals the September 17, 2014 order denying his motion for review, in which Kerns challenged the district attorney's decision to deny his application for a private criminal complaint against the juvenile victim of his crime.  We affirm.

In 2000, Kerns resided with Michelle Kerns, his now ex-wife, and her child J.L.R., in Muhlenberg Township, Berks County.  On approximately ten separate occasions between March 2000 and October 2000, Kerns performed sexual acts on J.L.R.  On November 7, 2000, police filed a criminal complaint against Kerns, charging him with involuntary deviate sexual intercourse ("IDSI"), sexual assault, rape, aggravated assault, and indecent exposure.[1]

---

[1]    18 Pa.C.S. §§ 3123(a)(6), 3124.1, 3121(a)(6), 3125(7), and 3126(a)(7), respectively.

On January 18, 2001, at a preliminary hearing, statutory sexual assault, and

indecent exposure were added to the complaint.[2]

The trial court set forth the subsequent procedural history of this case

as follows:

> [Kerns] entered an open guilty plea on May 14, 2001, to one (1) count of involuntary deviate sexual intercourse. On January 18, 2002, the Court sentenced [Kerns] to serve no less than seven and a half (7 ½) to no more than twenty (20) years.
>
> [Kerns] filed a *pro se* Post Conviction Relief Act[3] (hereinafter, "PCRA") petition on January 23, 2002, and the [c]ourt appointed Gail Chiodo, Esquire, to represent him. Because a timely appeal of the guilty plea and sentence could still be filed at that date, appointed counsel pursued a direct appeal on [Kerns'] behalf. On December 23, 2003, [this Court] affirmed [Kerns'] judgment of sentence. Since that date, [Kerns] has engaged in a lengthy history of PCRA matters, filing **ten** PCRA petitions, which have all been dismissed by [the PCRA court].
>
> [On a date prior to June 13, 2014, Kerns filed an application for a private criminal complaint with the office of the District Attorney of Berks County. Therein, Kerns accused J.L.R. of perjury, 18 Pa.C.S. § 4902(a); false reports, *Id.* at § 4906(a); tampering with physical evidence, *Id.* at § 4910; obstruction of justice, *Id.* at § 5102(a); unsworn falsification to authorities, *Id.* at § 4904(a)(1); and conspiracy, *Id.* at § 903. On June 13, 2014, the district attorney's office notified Kerns by letter that his application was denied.]
>
> On September 9, 2014, [Kerns] filed a motion for review requesting that the [c]ourt review the District Attorney's decision not to pursue a private criminal complaint. The [c]ourt considered and denied that motion in an order dated September 17, 2014. [Kerns] filed a timely notice of appeal on October 8,

---

[2]     18 Pa.C.S. §§ 3122.1 and 3127(a), respectively.

[3]     42 Pa.C.S. §§ 9541-9546.

2014. Pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), the [c]ourt issued an order for a Concise Statement of the Errors Complained of on Appeal on October 14, 2014, which [Kerns] filed on November 5, 2014.

Trial Court Opinion, 11/10/2014, at 1 (capitalization modified; emphasis in original).

Kerns raises three issues for this Court's consideration:

1. Whether the Court of Common Pleas and the D.A. denied [Kerns'] Due Process?

2. Did the D.A. and Common Pleas Court refuse to prosecute Kerns' alleged victim because she was a witness for the state?

3. Did the D.A. and Common Pleas Court violate the Rules of Court?

Brief for Kerns at 4.

Kerns' general contention is that the trial court erred by failing to determine that the district attorney's office abused its discretion when it denied Kerns' application for a private criminal complaint. We disagree.

In the June 13, 2014 denial letter, the assistant district attorney ("ADA"), rejected Kerns' private criminal complaint, having determined that the statute of limitations had expired on each of the crimes that Kerns alleged that J.L.R. had committed, barring prosecution. *See* 42 Pa.C.S. §§ 5552(a), (b) (prosecution for perjury must be commenced within five years after it is committed; prosecution for the remaining crimes must be commenced within two years after the crime is committed). The ADA asserted that his decision was based upon

- 3 -

prosecutorial discretion and office policy. Private Prosecution Denial Letter, 6/13/2014, at 1.

When addressing an appeal from the disapproval of a private criminal complaint, our standard of review is well-established:

> Where the district attorney's denial is based on a legal evaluation of the evidence, the trial court undertakes a *de novo* review of the matter. **Commonwealth v. Cooper**, 710 A.2d 76 (Pa. Super. 1998). Where the district attorney's disapproval is based on policy considerations, the trial court accords deference to the decision and will not interfere with it in the absence of bad faith, fraud or unconstitutionality. **Id.** at 79. In the event the district attorney offers a hybrid of legal and policy reasons for disapproval, deference to the district attorney's decision, rather than *de novo* review, is the appropriate standard to be employed. **Id.** at 80. On appeal, this [C]ourt is limited to determining whether the trial court abused its discretion. **Id.**

**In re Private Complaint of Owens Against Coker**, 810 A.2d 172, 175-76 (Pa. Super. 2002). In this case, because the ADA based his disapproval of the complaint upon a hybrid of legal and policy reasons, the trial court was required to give deference to the ADA's decision. **Cooper**, 710 A.2d at 79.

Pennsylvania Rule of Criminal Procedure 506 governs private criminal complaints. When seeking review in the trial court, a private criminal complainant has the heavy burden to prove that the district attorney abused his discretion. In a Rule 506 petition for review:

> the private criminal complainant must demonstrate the district attorney's decision amounted to bad faith, fraud or unconstitutionality. The complainant must do more than merely assert the district attorney's decision is flawed in these regards. The complainant must show the facts of the case lead only to the conclusion that the district attorney's decision was patently discriminatory, arbitrary[,] or pretextual, and therefore not in

the public interest. In the absence of such evidence, the trial court cannot presume to supervise the district attorney's exercise of prosecutorial discretion, and should leave the district attorney's decision undisturbed.

*In re Wilson*, 879 A.2d 199, 215 (Pa. Super. 2005).

In its order denying Kerns' motion for review, the trial court found no evidence of the ADA's bad faith, fraud, or unconstitutionally in Kerns' motion. Therefore, the trial court accorded deference to the ADA's decision not to prosecute Kerns' private criminal complaint. Trial Court Order, 9/17/2014, at 1.

To determine whether the trial court abused its discretion, we turn to the merits of Kerns' claims. Unfortunately, Kerns' brief is laden with misstated case law, irrelevant arguments, and unsubstantiated accusations.

In Kerns' first issue, he alleges that his due process rights were violated when the ADA denied his private criminal complaint. Brief for Kerns at 8. In support of his claim, Kerns cites case law that he believes affords him the unfettered right to have a criminal complaint accepted and filed by the district attorney's office. *Id.* However, this argument is unfounded, as this Court has continuously recognized the discretion of the district attorney in evaluating the viability of private criminal complaints. *See Commonwealth v. Brown*, 708 A.2d 81, 83 (Pa. 1998); *Commonwealth v. Michaliga*, 947 A.2d 786, 792 (Pa. Super. 2008); *Commonwealth v. McGinley*, 673 A.2d 343, 347 (Pa. Super. 1996). Therefore, we reject the

argument that the denial of Kerns' private criminal complaint violated his due process rights.

In Kerns' second issue, he claims that the ADA and the trial court refused to prosecute J.L.R. because she was a witness for the state. However, Kerns' brief fails to address this allegation at any point in this issue. In fact, the bulk of his argument is a puzzling combination of accusations. Kerns recites certain sexual acts that led to his conviction, claims that they cannot be proven, and attacks the integrity of the ADA's decision to deny his complaint. Brief for Kerns at 8-9. Kerns goes so far as to note that, "[i]f anyone can make up statements and not be accountable for it, when [I] get out of prison the [ADA] needs to be ready to arrest every woman out there. Because [I] will just start accusing them all of stuff. Because it doesn't matter if it can be proven or not." Brief for Kerns at 9. Kerns' argument is meritless and warrants no further review by this Court, because he has abandoned this claim in his brief.

In his third issue, Kerns alleges that the ADA and the trial court violated the "rules of court." Kerns bases this assertion upon a time-bar exception to the statute of limitations set forth in 42 Pa.C.S. § 5552(c)(1). Subsection (c)(1) states that:

> Any offense a material element of which is either fraud or a breach of fiduciary obligation within one year after discovery of the offense by an aggrieved party or by a person who has a legal duty to represent an aggrieved party and who is himself not a party to the offense, but in no case shall this paragraph extend the period of limitation otherwise applicable by more than three years.

*Id.* In his brief, Kerns conspicuously omits over half of the text of the subsection, most notably the last clause, which states, "in no case shall this paragraph extend the period of limitation otherwise applicable by more than three years." *Id.* Kerns argues that he became aware of J.L.R.'s alleged crimes on December 4, 2013, and filed his complaint on June 13, 2014, therefore complying with the one-year limitation provided by the statute. Brief for Kerns at 9. Among the crimes alleged by Kerns, perjury has the longest period of limitation, which lasts for five years. 42 Pa.C.S. § 5552(b). Kerns was convicted of IDSI in 2001. Yet, he maintains that he only became aware of the alleged crimes in 2013. We find it difficult to imagine a situation where an appellant, who pleaded guilty to IDSI, only became aware of his accuser's alleged false testimony over twelve years later. Kerns would have known that J.L.R. testified falsely at his preliminary hearing, as he caused every incident that led to his conviction. Nonetheless, subsection 5552(c)(1) is inapplicable. It can only extend the period of limitation an additional three years, meaning that the statute of limitations would have expired for each of the alleged crimes well before Kerns filed his complaint in 2014. Therefore, we conclude that the ADA and trial court did not violate any rules of court in denying Kerns' private criminal complaint.

Kerns claimed that J.L.R. committed the crimes of perjury, false reports, tampering with physical evidence, obstruction of justice, unsworn falsification to authorities, and conspiracy. Despite Kerns' accusations, the crux of his argument here is that the trial court committed an abuse of

discretion. Because the statute of limitations had run out on each alleged crime of which Kerns accuses J.L.R., the ADA was barred by the statute of limitations from prosecuting her for those alleged crimes, even if the ADA determined that prosecution was warranted. Therefore, the trial court did not abuse its discretion by giving deference to the ADA's decision not to file Kerns' private criminal complaint.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>3/13/2015</u>