**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**James Greg COOPER, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 5, 1998.
Filed April 8, 1998.

James G. Cooper, appellant, pro se.

Ronald T. Elliott, Asst. Dist. Atty., New Bethlehem, for Com., appellee.

Before KELLY, JOYCE and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

James Greg Cooper (appellant) appeals from the decision of the Clarion County Court of Common Pleas affirming the Clarion County District Attorney's denial of appellant's private criminal complaint. This appeal requires us to again consider the proper standard for reviewing a trial court's affirmance of such a denial. We conclude that our review is limited to determining whether the trial court abused its discretion or committed an error of law. We are also required to consider the applicability of the so-called "prisoner mailbox rule." We conclude that the rule applies to all appeals filed by incarcerated *pro se* litigants.

Appellant is currently incarcerated at a state correctional institute. In October of 1996, appellant filed two private criminal complaints in Clarion County. The complaints allege that Milburn L. Cooper, appellant's father, and one Lavita Lerch sold a vehicle belonging to appellant without his permission. Appellant requested that the district attorney indict the named individuals for theft. On February 2, 1997, the Clarion County District Attorney's Office informed appellant that his request was denied. Appellant then petitioned the Clarion County Court of Common Pleas for review of the district attorney's denial. The court affirmed the district attorney's action by order dated April 14, 1997. The present appeal is taken from that order.

█ We must first determine whether appellant has filed a timely notice of appeal.

Although neither party raises this issue in their briefs, we are required to consider it *sua sponte* because the issue concerns our subject matter jurisdiction. If appellant has not filed the necessary notice within the time mandated by Pa.R.A.P. 903(a), then we lack authority to consider his appeal. *See In re Greist*, 431 Pa.Super. 188, 190–92, 636 A.2d 193, 195 (1994). Rule 903(a) provides that the notice of appeal must be filed within 30 days after the entry of the order appealed. Our Supreme Court has recently explained that, for prisoners proceeding *pro se,* a notice is deemed filed as of the date it is deposited in the prison mail system. *See Commonwealth v. Jones*, 549 Pa. 58, 700 A.2d 423 (1997). This is known as the "prisoner mailbox rule."

█ We are unaware of any case where a Pennsylvania court has applied this rule outside the context of a prisoner challenging his or her own sentence or conviction. We are convinced, however, that the rule is not limited to that context. In its *Jones* decision, our Supreme Court specifically adopted the rationale of the U.S. Supreme Court in *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). *Jones,* 549 Pa. at 61–63, 700 A.2d at 425. That rationale is based on affording prisoners the same appellate opportunities as other litigants. *See id.* The reasoning does not depend on the importance of the rights at stake when a prisoner challenges his or her sentence or conviction. *See id.* In fact, the U.S. Supreme Court in *Lack* specifically rejected the argument that the rule depends on whether the appeal is criminal or civil. *See Houston v. Lack,* 487 U.S. at 272–76, 108 S.Ct. at 2382–85, 101 L.Ed.2d at 252–55. Because our Supreme Court relied on this rationale in adopting the prisoner mailbox rule, we conclude that the Supreme Court intends the rule to apply to all appeals filed by prisoners proceeding *pro se.*

Having determined that the prisoner mailbox rule is applicable, we must next determine whether appellant has filed a timely notice of appeal pursuant to the rule. Because the order appealed was entered April 14th, the thirtieth day ending the appeal period fell on May 14th. The time stamp

indicates that the Clarion County Clerk of Courts received the notice on May 16th. The proof of service filed with the notice, however, asserts that the notice was mailed on May 1st.

■ Whether appellant actually deposited the notice in the prison mail system by May 14th is a factual question. Accordingly, a dispute over this issue may warrant remand for an evidentiary hearing. *Jones,* 549 Pa. at 65, 700 A.2d at 426 n. 3. Where, however, the opposing party does not challenge the timeliness of the appeal and the prisoner's assertion of timeliness is plausible, we may find the appeal timely without remand. *Id.* This appeal presents the latter situation. As previously mentioned, neither party raised this issue. Furthermore, the clerk of courts received the notice only two days after the 30–day period expired. Therefore, we find that appellant filed a timely notice of appeal.

We next turn to the merits of this appeal. Surprisingly, appellant devotes the major portion of his argument to the question of what standard of review is applicable. We commend the keen insight into our appellate system appellant thereby displays. Experienced members of our bar frequently overlook the singular importance of this issue. Appellant argues that because the district attorney's decision was based in part on a conclusion of law, we should therefore review the denial *de novo.* In the alternative, appellant argues that we should review the denial *de novo* because the district attorney's decision was based entirely on a conclusion of law. While we congratulate the argument, we disagree with both of appellant's conclusions.

Pennsylvania courts have extensively discussed the appropriate standard for reviewing a prosecutor's disapproval of a private criminal complaint. *See, e.g., Commonwealth v. Benz,* 523 Pa. 203, 565 A.2d 764 (1989) (plurality). Recently, a plurality of this Court held that it is not our role to directly review the prosecutor's decision. Instead, we concluded that our function is limited to reviewing the trial court's decision for abuse of discretion or error of law. *See Commonwealth v. Brown,* 447 Pa.Super. 454, 463–65,

669 A.2d 984, 989 (1995) (en banc) (plurality), *aff'd per curiam by an evenly divided court,* 550 Pa. 580, 708 A.2d 81 (1998). In affirming our *Brown* decision, the Supreme Court extensively discussed the appropriate standard for a trial court reviewing a prosecutor's disapproval of a private criminal complaint. The Court unanimously agreed that "a trial court should not interfere with a prosecutor's policy-based decision to disapprove a private complaint absent a showing of bad faith, fraud, or unconstitutionality." *See Commonwealth v. Brown,* — Pa. at ——, 708 A.2d 81, 84 (1998). The Court also clarified that "abuse of discretion" and "gross abuse of discretion" are indistinguishable standards of review. *See id.* at ——, 708 A.2d at 83. The Supreme Court, however, did not discuss whether this Court reviews the trial court's or the prosecutor's exercise of discretion.

■ Moreover, there was no majority in the Supreme Court as to the disposition of *Brown.* Accordingly, it is a non-precedential plurality decision. *See Commonwealth v. Price,* 543 Pa. 403, 408, 672 A.2d 280, 282 (1996); *see also McDermott v. Biddle,* 436 Pa.Super. 94, 115, 647 A.2d 514, 524 n. 8 (1994), *rev'd on other grounds,* 544 Pa. 21, 674 A.2d 665 (1996) (explaining that an opinion only creates binding precedent insofar as it commands "a majority of judges voting both as to the disposition and the principle of law expressed"). Subsequent to our decision in *Brown,* two panels of this Court have considered our standard of review. *See Hearn v. Myers,* 699 A.2d 1265 (Pa.Super.1997); *Michaels v. Barrasse,* 452 Pa.Super. 325, 681 A.2d 1362 (1996). Those portions of the Supreme Court's *Brown* decision in which all justices agreed are, of course, highly persuasive. Insofar as the Supreme Court's decision in *Brown* contradicts *Michaels* and *Hearn,* however, we must apply our decisions because they are binding precedents. *See Ellis v. Sherman,* 330 Pa.Super. 42, 478 A.2d 1339 (1984), *aff'd,* 512 Pa. 14, 515 A.2d 1327 (1986) (stating that a Superior Court panel is bound to follow the controlling precedent of the Superior Court rather than a non-precedential Supreme Court decision); *see also Commonwealth v. Taylor,* 437

Pa.Super. 102, 106–07, 649 A.2d 453, 455 (1994) (explaining that, when sitting as a panel, we are not empowered to overrule a decision of our Court).

*Michaels* sets forth the standard of review as follows:

> When a trial court is asked to review a prosecutor's disapproval of a private criminal complaint, the trial court must first determine the rationale behind the prosecutor's decision. If the prosecutor's decision was based upon a legal evaluation of the sufficiency of the complaint, then the trial court must undertake a *de novo* review of the complaint to ascertain whether it establishes a *prima facie* cause of action. If, however, the prosecutor's decision was based upon a policy determination that it would not be in the best interests of the Commonwealth to prosecute, then the trial court must defer to the prosecutor's discretion absent a gross abuse[1] of that discretion.

. . .

■ When an appeal is brought from a common pleas court's decision regarding the approval or disapproval of a private criminal complaint, an appellate court is limited to ascertaining the propriety of the trial court's actions. Thus, our review is limited to determining whether the trial court abused its discretion or committed an error of law.

*Michaels,* 452 Pa.Super. at 330, 681 A.2d at 1364 (emphasis omitted) (footnote added) (quoting *Brown,* 447 Pa.Super. at 466–67, 669 A.2d at 990). Accordingly, our review is limited to determining whether the trial court abused its discretion or committed an error of law in applying the test set forth above.

We now turn to whether the trial court correctly applied the law and properly exercised its discretion. The trial court determined that the prosecutor's disapproval was based upon the policy determination that it would not be in the best interest for the Commonwealth to pursue the matter because

appellant has adequate civil remedies. The court, therefore, reviewed the district attorney's decision for abuse of discretion and found none.

■ Appellant's first argument, that *de novo* review is required where the district attorney's decision is a hybrid of legal conclusions and policy considerations, conflicts with our precedent. *See Commonwealth v. Metzker,* 442 Pa.Super. 94, 658 A.2d 800 (1995) (reversing a trial court's *de novo* review of the denial of a complaint where the denial rested on both a legal conclusion and a policy consideration). Instead, *de novo* review is only appropriate where the trial court determines that the prosecutor's decision is solely a product of legal conclusions. *See id.* at 96–98, 658 A.2d at 801.

Regarding appellant's second argument, that the district attorney's decision was solely a legal conclusion, we find no abuse of discretion in the trial court's determination that the decision was based on policy considerations. The district attorney supplied the following explanation for the denial:

> First, incomplete information was provided by you to this office. Second, in your letters you state that your vehicle was sold and that the proceeds of the sale were forwarded to you. Your complaint as I understand it, is that an inadequate consideration was obtained for the vehicle. Nonetheless, you did acknowledge that the funds were forwarded to you. This matter is more properly a civil action. Because of that, you can retain a private attorney and sue for damages.

(Letter from Ronald T. Elliot to James Greg Cooper of 2/24/97.) The second explanation offered by the district attorney admits of two interpretations. The district attorney could be asserting that, because the proceeds were forwarded to appellant, the complaint fails to establish the necessary *mens rea* for theft. This interpretation would make the district attorney's second reason a legal conclusion. *See, e.g., Michaels,* 452 Pa.Super. at 330, 681 A.2d at 1364 (failure of a complaint to establish a *prima facie* case is a legal basis for denial).

---

1. As noted, "gross abuse of discretion" is indistinguishable from "abuse of discretion." *See*

*Moore v. Moore,* 535 Pa. 18, 28 n. 4, 634 A.2d 163, 168 n. 4 (1993).

■ Alternatively, the district attorney could be asserting that, because adequate civil remedies are available to appellant, it would not be in the best interest of the Commonwealth to pursue a criminal conviction. This interpretation would make the district attorney's second reason a matter of policy. *See Hearn*, 699 A.2d at 1267–68 (explaining that availability of adequate civil remedies is a policy reason for denial). The trial court interpreted the district attorney's second reason as one of policy. Because this is a reasonable interpretation, we conclude that the trial court did not abuse its discretion.

■ Moreover, where the prosecutor believes the private affiant is attempting to "utilize the justice system to redress grievances for which there are adequate civil remedies" and conveys this rationale with the single phrase "[a]ffiant should file civil action," the prosecutor "sufficiently sets forth a clear statement as to the particular policy that dictates withholding prosecution." *See Commonwealth v. McGinley*, 449 Pa.Super. 130, 673 A.2d 343 (1996) (*en banc*) (plurality) (footnote omitted).[2] Here, the trial court found that the district attorney concluded a civil action would be more appropriate because appellant was attempting to utilize the justice system for private purposes. This is a valid policy reason for the district attorney's decision. There is no evidence of bad faith, fraud, or unconstitutionality. Accordingly, the trial court did not abuse its discretion in affirming the denial of prosecution.

■ Finally, appellant contends that allowing the district attorney's refusal to prosecute his complaint denies him due process and equal protection of the laws as afforded by the United States and Pennsylvania constitutions. Appellant does not allege that the trial court departed in any respect from Pa. R.Crim.P. 106 (establishing the procedure for handling private civil complaints). We have held that "the provision in the Rule allowing an appeal of the district attorney's disapproval of such charges to the court constitutes sufficient checks and balances upon the district attorney's actions to comply with consti-

tutional due process requirements." *See Commonwealth v. Eisemann*, 308 Pa.Super. 16, 20, 453 A.2d 1045, 1047 (1982). Thus, appellant's due process claims lack merit.

■ Appellant's equal protection claim is based upon his status as a prisoner. Appellant contends that the district attorney showed deliberate indifference to the crime committed against him because of that status. This court, however, only reviews issues first presented to the lower court. *See* Pa. R.A.P. 302; *Petition of Piscanio*, 235 Pa.Super. 490, 494–96, 344 A.2d 658, 661 (1975) (finding that constitutional challenges to a denial of a private criminal complaint were waived by the affiant's failure to raise the constitutional issues in the lower court); *see also Commonwealth v. Widmer*, 547 Pa. 137, 689 A.2d 211 (1997) (explaining that, although post-sentence motions are no longer required to preserve issues in criminal matters, issues must still be raised initially in the lower court). Appellant did not allege discrimination in the petition for review he filed with the lower court. In fact, the sole allusion to any constitutional violation appellant presented to the court below is the single sentence, "I feel an investigation should have been done and at least an attempt to recover the vehicle and that not to do so is in violation of my constitutional rights." (Petition for Review of Decision of District Attorney 3/17/97, at 4.) This language pertains to only the procedure followed below (*i.e.*, appellant is claiming that the district attorney should have conducted further investigation before denying the petition). It does not in any manner suggest that appellant believes he was the victim of discrimination. Because the issue of whether the district attorney discriminated against appellant was not raised below, appellant's equal protection claims are waived.

Order affirmed.

---

**2.** Although *McGinley* is a plurality decision, all judges joined in this holding, which makes the holding binding on this panel. *Cf. McDermott v. Biddle, supra.*