J-A32019-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LATIFF A. HADI, | |
| Appellant | No. 377 EDA 2014 |

Appeal from the Judgment of Sentence of November 26, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005036-2012

BEFORE:  PANELLA, OLSON AND FITZGERALD,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED FEBRUARY 04, 2015**

Appellant, Latiff A. Hadi, appeals from the judgment of sentence entered on November 26, 2013.  We quash this appeal.

Following a bench trial, Appellant was found guilty of third-degree murder, conspiracy to commit aggravated assault, and endangering the welfare of a child.[1]  On November 26, 2013, the trial court sentenced Appellant to serve an aggregate term of 30 to 60 years in prison.

Pennsylvania Rule of Criminal Procedure 720 required that Appellant file any post-sentence motion on or before Friday, December 6, 2013.  **See** Pa.R.Crim.P. 720(A)(1) ("a written post-sentence motion shall be filed no

---

[1] 18 Pa.C.S.A. §§ 2502(c), 903(a), and 4304(a)(1), respectively.

*Retired Justice specially assigned to the Superior Court.

later than 10 days after imposition of sentence"). Appellant filed an untimely post-sentence motion on Monday, December 9, 2013.

On December 11, 2013, the trial court entered an order denying Appellant's post-sentence motion. Appellant then filed his notice of appeal on January 9, 2014 – or, 44 days after the trial court imposed Appellant's sentence. We must now quash the current appeal.[2]

As noted above, Appellant filed an untimely post-sentence motion in this case. Therefore, the filing of the post-sentence motion did not toll the time-period for filing a notice of appeal to this Court. Pa.R.Crim.P. 720(A)(3); *Commonwealth v. Green*, 862 A.2d 613, 618 (Pa. Super. 2004) (*en banc*) ("where the defendant does not file a timely post-sentence motion, there is no basis to permit the filing of an appeal beyond 30 days after the imposition of sentence"); *see also* Pa.R.Crim.P. 720 cmt. ("[i]f no timely post-sentence motion is filed, the defendant's appeal period runs from the date sentence is imposed"). Appellant was thus required to file his notice of appeal "within 30 days of imposition of sentence" – or, by December 26, 2013. Pa.R.Crim.P. 720(A)(3); Pa.R.A.P. 903(a). Appellant's notice of appeal – which was filed on January 9, 2014 – was, therefore,

---

[2] Even though the Commonwealth has not raised the issue of the timeliness of this appeal, "we are required to consider the [timeliness of this appeal] *sua sponte* because the issue [implicates] our subject matter jurisdiction." *Commonwealth v. Cooper*, 710 A.2d 76, 78 (Pa. Super. 1998).

manifestly untimely and this Court lacks jurisdiction over the current appeal.

We quash this appeal.

Appeal quashed.

Judge Panella joins this memorandum.

Justice Fitzgerald files a Concurring Statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/4/2015