J-S45029-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: PRIVATE CRIMINAL COMPLAINT OF ALTON D. BROWN | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: ALTON D. BROWN | No. 1997 MDA 2014 |

Appeal from the Order Entered on October 31, 2014
In the Court of Common Pleas of Huntingdon County
Criminal Division at No.: CP-31-MD-0000207-2014

BEFORE:  BOWES, J., WECHT, J., and FITZGERALD, J.[*]

MEMORANDUM BY WECHT, J.:                    **FILED AUGUST 21, 2015**

Alton Brown appeals, *pro se* the October 31, 2014, order denying his Petition for Review of Private Criminal Complaint in the Court of Common Pleas of Huntingdon County.  We affirm.

The trial court recited the procedural and factual history of this case as follows:

> Sometime after November 25, 2014, Mr. Brown submitted a twenty-nine page private criminal complaint to the Huntingdon County District Attorney.  In the complaint, Mr. Brown named numerous proposed defendants, who [the trial court] presume[d] [were] employees of the Department of Corrections.
>
> The district attorney denied Mr. Brown's request for approval of the private criminal complaint, and in doing so, identified two reasons for the denial.  First, the district attorney asserted that the "violations" occurred in other counties, and therefore, did not fall under the jurisdiction of the Huntingdon County District Attorney's Office.  Second, [the district attorney] opined that Mr.

---

[*]     Former Justice specially assigned to the Superior Court.

Brown's claims were civil in nature and concerned the policies and procedures of the Department of Corrections.

In [the trial court's] view, the Huntingdon County District Attorney's Office outlined sound policy and reasoning for disapproving Mr. Brown's private criminal complaint. Therefore, the district attorney's decision created a presumption that he acted in good faith, which absent proof to the contrary, was sufficient for [the trial court] to dismiss [the] appeal. In this regard, Mr. Brown proffered nothing that suggested that the district attorney's decision was pre-textual, arbitrary or discriminatory.

As far as [the trial court could understand,] the logic behind Mr. Brown's epistle [is that] he is not happy with the conditions of his confinement. His criticisms raise issues better suited for our civil courts. This obvious attempt to disguise a civil action by the filing of a private criminal complaint is noted, and as such, the district attorney's decision not to approve the filing was appropriate.

Trial Court Opinion ("T.C.O.") at 1-2 (some capitalization modified; internal citations omitted).

The trial court considered and denied that petition in an order dated October 31, 2014. Brown filed a timely notice of appeal on November 25, 2014. By order dated December 12, 2014, the trial court directed Brown to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) and he timely complied. The trial court filed its opinion pursuant to Pa.R.A.P. 1925(a) on January 21, 2015.

Brown raises three issues for this Court's consideration:

1. Whether [the] trial court abused its discretion or committed an error of law in affirming the district attorney's disapproval of the private criminal complaint?

2. Whether the manner in which the district attorney disapproved the private criminal complaint constitutes

an error and hinders Brown's appeal to the trial court and this Court?

3. Whether the trial court's refusal to require the district attorney to provide Brown with an official copy of the private complaint constitutes an error in law, and a demonstration of bad faith, fraud, or unconstitutionality?

Brief for Brown at 1 (some capitalization modified).

In his first issue, Brown contends that the trial court abused its discretion or committed an error of law in affirming the district attorney's disapproval of the private criminal complaint. To proceed with a private criminal complaint, a complainant must secure the approval of an attorney for the Commonwealth. Pa.R.Crim.P. 506(A). A prosecutor is required to investigate a private criminal complaint after it is filed. *In re Wilson*, 879 A.2d 199, 211 (Pa. Super. 2005). In deciding whether a *prima facie* case has been established, the prosecutor must consider both the content of the complaint, and the result of the investigation of the case. *Id.*

> [E]ven if the facts recited in the complaint make out a *prima facie* case, the district attorney cannot blindly bring charges, particularly where an investigation may cause [him or her] to question their validity. Forcing the prosecutor to bring charges in every instance where a complaint sets out a *prima facie* case would compel the district attorney to bring cases [he or she] suspects, or has concluded *via* investigation, are meritless. The public prosecutor is duty bound to bring only those cases that are appropriate for prosecution. This duty continues throughout a criminal proceeding and obligates the district attorney to withdraw charges when [he or she] concludes, after investigation, that the prosecution lacks a legal basis.

*Id.* at 211-212 (citations omitted; brackets in original). If the attorney for the Commonwealth disapproves the complaint, the district attorney must notify the complainant of the reasons for the disapproval. Pa.R.Crim.P. 506(B)(2). A private criminal complainant is permitted to seek judicial review of the denial of his or her complaint by the district attorney. Pa.R.Crim.P. 506.

The trial court's standard of review is dependent upon the reasons provided by the district attorney for the disapproval. *Commonwealth v. Cooper*, 710 A.2d 76, 80 (Pa. Super. 1998). When the district attorney's denial is based upon a legal evaluation of the evidence, the trial court undertakes *de novo* review of the matter. *Id.* Where the district attorney's disapproval is based upon policy considerations, the trial court accords deference to the decision and will not interfere in the absence of bad faith, fraud, or unconstitutionality. *Id.* at 79, 80. In the event that the district attorney offers a hybrid of legal and policy reasons for disapproval, deference to the district attorney's decision, rather than *de novo* review, is the correct standard of review to be employed. *Id.*

When seeking review in the trial court, a private criminal complainant bears the heavy burden of proving that the district attorney abused his discretion. In a Rule 506 petition for review:

> the private criminal complainant must demonstrate the district attorney's decision amounted to bad faith, fraud or unconstitutionality. The complainant must do more than merely assert the district attorney's decision is flawed in these regards. The complainant must show the facts of the case lead only to the

conclusion that the district attorney's decision was patently discriminatory, arbitrary[,] or pretextual, and therefore not in the public interest. In the absence of such evidence, the trial court cannot presume to supervise the district attorney's exercise of prosecutorial discretion, and should leave the district attorney's decision undisturbed.

***In re Wilson***, 879 A.2d at 215.

Our standard of review also depends upon the district attorney's rationale for the disapproval. Where the district attorney's decision is based solely upon legal conclusions, and the trial court's standard of review is *de novo*, "the appellate court will review the trial court's decision for an error of law. As with all questions of law, the appellate standard of review is *de novo* and the appellate scope of review is plenary." ***Id.*** at 214 (footnotes omitted). Where the district attorney's decision is based upon policy considerations or a hybrid of legal and policy considerations, and the trial court's standard of review is abuse of discretion, "the appellate court will review the trial court's decision for an abuse of discretion, in keeping with settled principles of appellate review of discretionary matters." ***Id.*** at 215.

Applying the legal principles pertinent to a private criminal complaint, Brown's contention that the trial court abused its discretion or committed an error of law in affirming the district attorney's disapproval of the private criminal complaint is without merit. In its order dated October 31, 2014, the trial court determined that the district attorney based his disapproval of the complaint upon purely legal grounds, and therefore, it undertook *de novo* review of the district attorney's decision. Upon reviewing Brown's twenty-

nine page criminal complaint, the trial court was satisfied that the Huntingdon County District Attorney's Office reached the proper legal conclusion. However, in its opinion pursuant to Pa.R.A.P. 1925(a), the trial court applied the hybrid approach with an abuse of discretion standard of review. The trial court indicated that the district attorney's disapproval was not made in bad faith, fraudulent, or unconstitutional.

We agree with the trial court's subsequent determination in its Pa.R.A.P. 1925(a) opinion that the district attorney's decision was a hybrid of legal and policy considerations. This is so because the district attorney's determination that Brown's complaints were civil in nature is a policy consideration. *See Commonwealth v. Cooper*, 710 A.2d 76 (Pa. Super. 1998) (noting that a district attorney's conclusion that a civil action would be more prudent because the complainant was attempting to utilize the justice system for private purposes is a valid policy reason.) Additionally, the district attorney's decision that the "violations" that Brown claimed had occurred in other counties than Huntingdon County was a legal consideration. Therefore, the district attorney's decision to disapprove the private criminal complaint was comprised of both policy and legal considerations requiring utilization of the hybrid approach. Accordingly, due to the district attorney's hybrid approach, the trial court's standard of review should have been an abuse of discretion. In its opinion pursuant to Pa.R.A.P. 1925(a), the trial court implicitly applied the abuse of discretion standard and found that the district attorney did not act in bad faith,

fraudulently or unconstitutionally, which is sufficient for the trial court to uphold the district attorney's disapproval.

The district attorney's disapproval in this case was based in part upon a policy decision. Thus, in accordance with our standard of review we must evaluate the disapproval to determine whether it was based upon bad faith, fraud, or unconstitutionality.

Brown brings forth two assertions of bad faith. First, he contends the district attorney exercised bad faith because the district attorney stated that the Huntingdon District Attorney's Office lacked jurisdiction over the complaints in his disapproval. Second, Brown contends the trial court exercised bad faith by pointing out Brown's history of litigation. However, Brown has waived both assertions of bad faith because Brown failed to provide a developed legal argument. *See* Pa.R.A.P. 2119(a) ("the argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—indistinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent"); *Commonwealth v. B.D.G.*, 959 A.2d 362 (Pa. Super. 2008) (noting that when an appellant fails to develop his issue in an argument and fails to cite any pertinent legal authority, the issue is waived.) Further, the trial court did not detect an allegation of fraud, bad faith or unconstitutionality. Finally, our independent review reveals none. Accordingly, we dismiss Brown's first issue.

In his second and third issues, Brown challenges the manner in which the district attorney disapproved his private criminal complaint. We review those two issues together. Rule 506(B)(2) states, "if the attorney for the Commonwealth . . . disapproves the complaint, the attorney shall state the reasons on the complaint form and return it to the affiant. Thereafter, the affiant may petition the court of common pleas for review of the decision." Pa.R.Crim.P. 506(B)(2) Brown submitted his private criminal complaint in the form of a twenty-nine page front-to-back handwritten complaint. Brown provided a limited amount of space for the district attorney to adequately set forth the reasoning for the disapproval. Instead of handwriting a response in the limited available space provided by Brown, the district attorney elected to provide Brown with a typewritten version of the disapproval on a separate form. Brown was provided with the same information that would have been provided to him had it come in the form proscribed by Rule 506(B)(2). While the Commonwealth did not fully adhere to Rule 506(B)(2), Brown is unpersuasively elevating form over substance. Even if we were to rule in favor of Brown on these points, we would require the district attorney to fill out the bottom of Brown's twenty-nine page criminal complaint with the same information that has already been provided to Brown. In other words, any remedy would place Brown exactly where he is now. He has suffered no harm or prejudice. As such, he is not entitled to any form of relief.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/21/2015