J-S65025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANTHONY MICHAEL FLOWERS, | |
| Appellant | No. 165 WDA 2016 |

Appeal from the Judgment of Sentence of December 22, 2015
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0002589-2012

BEFORE:  LAZARUS, OLSON AND PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                **FILED DECEMBER 02, 2016**

Appellant, Anthony Michael Flowers, appeals from the judgment of sentence entered on December 22, 2015.  We are constrained to quash this appeal.

The trial court has ably explained the underlying facts and procedural posture of this appeal:

> On November 21, 2013, [Appellant] entered a general guilty plea . . . to the following counts:  1) criminal attempt – rape forcible compulsion, in violation of 18 Pa.C.S.A. § 901(a); 2) unlawful restraint/serious bodily injury, in violation of 18 Pa.C.S.A. § 2902(a)(1); 3) simple assault, in violation of 18 Pa.C.S.A. § 2701(a)(1); and[,] 4) simple assault, in violation of 18 Pa.C.S.A. § 2701(a)(3).
>
> [Appellant] was sentenced on February 18, 2014.  At count one [(criminal attempt at rape)], he was sentenced to two [years'] intermediate punishment with two [years'] home electronic monitoring.  Further, [Appellant] was found to be a Tier III violator of Megan's Law and was ordered to participate in sex offender's treatment.   At count two,

*Retired Senior Judge assigned to the Superior Court.

[Appellant] was sentenced to serve two [years'] probation consecutive to count one. At counts three and four, no further penalty was ordered.

On April 29, 2014, [Appellant] was discharged from sex offender's treatment because "his mental health and low IQ prohibit [him] from learning abstract concepts." [N.T. Detainer Hearing, 6/24/14, at 9]. [On June 10, 2014, the trial court issued an "order for warrant of arrest and to detain" because: "on [April 29 2014, Appellant] was unsuccessfully discharged from [the] sex offender program" and "on [May 16, 2014, Appellant] had a violent episode while on EHM that resulted in a 302 commitment[, Appellant] was not taking his prescribed meds." Detainer Warrant, 6/10/14, at 1]. . . .

A revocation hearing was [held] on June 24, 2014. . . . At the conclusion of the hearing, [the trial court] vacated the requirement that [Appellant] attend sex offender's treatment and continued the detainer hearing so that [Appellant's] counsel could attempt to find an appropriate treatment placement for [Appellant].

On November 13, 2015, an intermediate punishment revocation hearing was held before th[e trial] court. Nancy Packe of Westmoreland Case Management testified that, despite extensive efforts, she was unable to locate a residential placement for [Appellant] either due to the charges for which he was convicted or the lack of state/county funding for such a placement. Ms. Packe further testified that [Appellant's] mother was fearful of having [Appellant] return to her home. Th[e trial] court found [Appellant] in violation of the terms and conditions of [his] intermediate punishment and probation. [The trial court then resentenced Appellant to two-and-a-half to five years in prison at count one, and to serve a consecutive term of two years' probation at count two. Appellant] was also ordered to participate in sex offender's treatment and be evaluated for high intensity mental health treatment while in state prison.

On November 23, 2015, [Appellant] filed a motion to modify sentence[,] arguing that the sentence requiring [him] to complete sex offender's treatment violated the [Eighth]

Amendment in that it imposed a condition that [Appellant] was not capable of satisfying. . . .

On November 25, 2015, [the trial court] granted [Appellant's] motion to modify and vacated the November 13, 2015 sentence.

On December 22, 2015, [Appellant] appeared before th[e trial] court for [resentencing]. After argument and hearing, [Appellant was resentenced to serve a term of two-and-a-half to five years in prison at count one, and to serve a consecutive term of two years' probation at count two. Further, at the conclusion of the sentencing hearing, the trial court informed Appellant:

> You [] have a right of a direct appeal to the Superior Court. If you wish to appeal the sentence that I've imposed upon you today, you have 30 days from today's date to file a direct appeal to the Superior Court of Pennsylvania. And if you have any further questions, your attorney can explain that to you.

N.T. Resentencing Hearing, 12/22/15, at 10]. . . .

On December 31, 2015, [Appellant] filed a motion to reconsider and modify sentence, which [the trial court denied] on January 5, 2016.

Trial Court Opinion, 3/24/16, at 1-3 (some internal capitalization and formatting omitted).

On Friday, January 22, 2016 – or, 31 days after the trial court resentenced Appellant following the revocation of his intermediate punishment sentence – Appellant filed a notice of appeal to this Court. We must now quash this appeal.

Before we are able to consider the merits of Appellant's claims, we must first determine whether the appeal is timely. Indeed, even though neither party has claimed that the appeal is untimely, "we are required to

- 3 -

consider the [timeliness of this appeal] *sua sponte* because the issue [implicates] our subject matter jurisdiction." ***Commonwealth v. Cooper***, 710 A.2d 76, 78 (Pa. Super. 1998).

Pennsylvania Rule of Criminal Procedure 708 establishes the required procedure for revocation of probation, intermediate punishment, or parole proceedings. With respect to post-sentence proceedings in revocation cases, Rule 708 declares:

> **(E) Motion to Modify Sentence**
>
> A motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition. **The filing of a motion to modify sentence will not toll the 30-day appeal period**.

Pa.R.Crim.P. 708(E) (emphasis added).

Thus, pursuant to the plain terms of the above rule, "the mere filing of a motion to modify sentence does not affect the running of the 30-day period for filing a timely notice of appeal. Any appeal must be filed within the 30-day appeal period unless the sentencing judge within 30 days of the imposition of sentence expressly grants reconsideration or vacates the sentence." Pa.R.Crim.P. 708 cmt.

In the case at bar, the trial court revoked Appellant's intermediate punishment and, on December 22, 2015, the trial court resentenced Appellant to serve a term of two-and-a-half to five years in prison, followed by a term of two years of probation. Appellant then filed a timely motion to modify his sentence. Yet, since the trial court denied Appellant's motion to

modify, Appellant's motion did not toll the 30-day appeal period. Pa.R.Crim.P. 708(E). As such, Appellant was required to file his notice of appeal on or before January 21, 2016. Appellant did not file his notice of appeal until January 22, 2016. Therefore, the current appeal is untimely. We do not have subject matter jurisdiction over this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/2/2016