J-S48044-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| IN RE: ALTON BROWN | |
| Appellant | No. 1394 MDA 2016 |

Appeal from the Order Entered June 21, 2016
in the Court of Common Pleas of Dauphin County
Criminal Division at No.: CP-22-MD-0000199-2016

BEFORE: OTT, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                  **FILED SEPTEMBER 12, 2017**

Appellant, Alton Brown, appeals *pro se* from the order of June 21, 2016, dismissing his amended petition for review of his private criminal complaint. We affirm.

We take underlying facts and procedural history in this matter from our review of the certified record. Appellant is an inmate at SCI-Greene. In 2014, Appellant sent a private criminal complaint against numerous employees at SCI-Greene and other Greene County officials,[1] to the Office of the Pennsylvania State Attorney General. On October 10, 2014, the

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The private criminal complaint, which Appellant attached to his petition for a review is illegible. (**See** Amended Petition for Review of a Private Criminal Complaint, 4/11/16, Exhibit A, Private Criminal Complaint, at 1-5).

Attorney General's Office informed Appellant that it did not have jurisdiction over private criminal complaints. On February 5, 2016, rather than forwarding the complaint to the Greene County District Attorney's Office, Appellant filed a petition for review of the denial of the private criminal complaint in the Court of Common Pleas of Dauphin County.

On February 22, 2016, the trial court issued an order stating that it would not entertain the petition because of certain technical errors in Appellant's paperwork. On April 11, 2016, Appellant filed an amended petition for review. On April 20, 2016, the trial court directed the Commonwealth to file a response.

On April 26, 2016, the Commonwealth filed a response to the amended petition for review. In the response, the Commonwealth reiterated that the Attorney General's Office does not have jurisdiction over private criminal complaints and "[s]hould [Appellant] wish to have his allegations investigated, he must file the correct paperwork with [it]." (Commonwealth's Response to the Amended Petition for Review, 4/26/16, at unnumbered page 3).

On June 3, 2016, Appellant filed a motion to strike the Commonwealth's response. On June 21, 2016, the trial court issued an

order denying the motion to strike and dismissing the amended petition for review. The instant, timely[2] appeal followed.

On September 9, 2016, the trial court directed Appellant to file a concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b). On October 5, 2016, Appellant filed a motion for an extension of time to file a Rule 1925(b) statement, to which he attached his statement. On October 7, 2016, the trial court issued a memorandum statement, arguing that this Court should dismiss Appellant's appeal because of his failure to file a timely Rule 1925(b) statement. **See** Pa.R.A.P. 1925(a). On October 19, 2016, the trial court issued a second opinion stating that it was unaware of the October 5, 2016 filing and tacitly granted the motion for an extension of time by issuing a second Rule 1925(a) opinion. **See id.**

On appeal, Appellant raises the following questions for our review:

I. Whether [the] trial court erred in its decision that Appellant's concise statement of [errors] complained of on appeal is too vague?

---

[2] In its brief, the Commonwealth argues that the appeal is untimely. (**See** Commonwealth's Brief, at 6). The trial court date-stamped the notice of appeal as being "received" on July 12, 2016. This was well within the appeal period. However, for reasons not readily apparent from the record, it did not docket the notice of appeal until August 12, 2016. Moreover, "the prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." **Commonwealth v. Chambers**, 35 A.3d 34, 38 (Pa. Super. 2011) (citation omitted). Thus, our review demonstrates that Appellant timely filed the notice of appeal.

II. Whether [the] tr[ial] court's refusal to submit a meaningful Rule 1925(a) opinion prejudices this Court's review and Appellant's argument on appeal?

III. Whether [the] trial court's behavior denied Appellant due process, including the allowing of a non-party to argue the opposition, and [its] refusal to address the clear and valid issues raised in [the] concise statement?

(Appellant's Brief, at 2) (unnecessary capitalization omitted).

We briefly note:

When an appeal is brought from a common pleas court's decision regarding the approval or disapproval of a private criminal complaint, an appellate court is limited to ascertaining the propriety of the trial court's actions. Thus, our review is limited to determining whether the trial court abused its discretion or committed an error of law.

***Commonwealth v. Cooper***, 710 A.2d 76, 80 (Pa. Super. 1998) (citation omitted).

Here, we find that we need not address the specifics of Appellant's contentions because Appellant failed to comply with Pennsylvania Rule of Criminal Procedure 506. This rendered the trial court unable to review his petition. Rule 506, which concerns private criminal complaints provides:

(A) When the affiant is not a law enforcement officer, the complaint shall be submitted to an attorney for the Commonwealth, who shall approve or disapprove it without unreasonable delay.

(B) If the attorney for the Commonwealth:

(1) approves the complaint, the attorney shall indicate this decision on the complaint form and transmit it to the issuing authority;

- 4 -

> (2) disapproves the complaint, the attorney shall state the reasons on the complaint form and return it to the affiant. Thereafter, the affiant may petition the court of common pleas for review of the decision.

Pa.R.Crim.P. 506.

In the instant matter, Appellant initially submitted the private criminal complaint to the Office of the Pennsylvania State Attorney General. When informed that this was not the correct agency to review it, Appellant failed to forward it to the district attorney.[3] Further, despite the response filed by the Dauphin County District Attorney's Office, which specifically put Appellant on notice that he needed to submit his private criminal complaint to it prior to filing a petition in the trial court, Appellant persisted in his noncompliance with Rule 506.[4] Because Appellant never submitted the complaint to the

---

[3] We note that this was not the first private criminal complaint filed by Appellant. Thus, Appellant was well aware of the correct procedures. **See In Re Brown**, 131 A.3d 100 (Pa. Super. 2015) (unpublished memorandum).

[4] Appellant's *pro se* status does not excuse him from compliance with the Rules of Criminal Procedure. As we have stated:

> [a]lthough this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding, must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

**Wilkins v. Marsico**, 903 A.2d 1281, 1284-85 (Pa. Super. 2006), *appeal denied*, 918 A.2d 747 (Pa. 2007) (citations omitted).

district attorney, there was nothing for the trial court to review. ***See***

***Cooper***, ***supra*** at 80 (noting that trial court's standard of review is

dependent upon reasons provided by district attorney for disapproval).

Thus, the trial court did not commit an abuse of discretion or error of law in

dismissing Appellant's amended petition for review. ***See id.***

Accordingly, for the reasons discussed above, we affirm the order of

June 21, 2016.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/12/2017