J-S66009-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEVIN WYATT | |
| Appellant | No. 1522 EDA 2019 |

Appeal from the Order Entered April 8, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0603901-1990

BEFORE:  STABILE, NICHOLS,JJ., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY STABILE, J.:                **FILED MARCH 09, 2020**

Appellant Kevin Wyatt *pro se* appeals from the April 8, 2019 order of the Court of Common Pleas of Philadelphia County ("PCRA court"), which dismissed as untimely his fifth petition under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46.  Upon review, we remand for further proceedings.

The facts and lengthy procedural history of this case are undisputed.[1] As summarized by a prior panel of this Court in connection with Wyatt's 2015 appeal:

> Wyatt's convictions stem from the 1990 shooting death of a jewelry store employee.  In 1992, a jury found Wyatt guilty of first-degree murder [(18 Pa.C.S.A. § 2502(a))], two counts of robbery [(18 Pa.C.S.A. § 3701)], and criminal conspiracy [(18 Pa.C.S.A. § 903)].  On June 1, 1993, the court sentenced Wyatt

---

[1] Wyatt has filed several PCRA petitions with the common pleas court, and also has filed numerous petitions for writ of *habeas corpus* in the United States District Court for the Eastern District of Pennsylvania as well as petitions for review in the Commonwealth Court of Pennsylvania.

to a term of life imprisonment for the murder conviction, and two consecutive terms of 10 to 20 years in prison on the robbery charges, to be served concurrently with the murder sentence. [No further penalty was imposed with respect to the conspiracy charge.] A panel of this Court affirmed his judgment of sentence, and our Supreme Court denied his petition for allowance of appeal. *Commonwealth v. Wyatt*, 688 A.2d 710 (Pa. Super. 1997), *appeal denied*, 699 A.2d 735 (Pa. 1997).

Wyatt then filed a [PCRA petition] on September 18, 1997, alleging trial and appellate counsel ineffectiveness. The PCRA court denied relief, and a panel of this Court affirmed the court's dismissal of four of his five claims. However, the panel granted relief and ordered a new trial on the charge of murder based on trial counsel's failure to object to an accomplice liability jury instruction. *Commonwealth v. Wyatt*, 782 A.2d 1061 (Pa. Super. 2001) (unpublished memorandum). Both Wyatt and the Commonwealth sought allocatur. The Pennsylvania Supreme Court denied the Commonwealth's petition on October 15, 2002, *Commonwealth v. Wyatt*, 809 A.2d 904 (Pa. 2002), and denied Wyatt's petition on June 3, 2003, *Commonwealth v. Wyatt*, 825 A.2d 1261 (Pa. 2003).

Subsequently, the matter returned to the trial court for a new trial solely on the charge of first-degree murder. On January 26, 2004, Wyatt entered a guilty plea to third-degree murder. That same day, the trial court imposed a sentence of ten years to twenty years in prison, consecutive to the previously imposed robbery sentences. No direct appeal was taken from that conviction and sentence.[2] Instead, since that time, Wyatt has inundated the courts with numerous petitions, raising an assortment of requests and claims. None of these petitions has provided Wyatt any relief.

*Commonwealth v. Wyatt*, No. 2343 EDA 2015, unpublished memorandum, at 1-3 (Pa. Super. filed June 22, 2016) (footnotes omitted). On November 13, 2018, Wyatt filed the instant, his fifth, PCRA petition, alleging only that, on September 20, 2018, he found out that his co-defendant (Tony Bennett)

---

[2] Wyatt's judgment of sentence became final on February 25, 2004.

received a shorter aggregate sentence.[3]  As a result, Wyatt claimed that his due process and equal protections rights were violated.[4]

In response, on February 22, 2019, the Commonwealth filed a motion to dismiss the instant PCRA petition on timeliness grounds.  On March 8, 2019, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing.  The court directed Wyatt to respond to the Rule 907 notice within twenty days.  Wyatt did not respond.  On April 8, 2019, the PCRA court dismissed as untimely Wyatt's PCRA petition.  On May 16, 2019, more than thirty days after the April 8, 2019 order was entered, Wyatt *pro se* filed the instant appeal.[5]

Because Wyatt's notice of appeal was filed outside of the thirty-day appeal period, we must determine at the outset whether we have jurisdiction to entertain this appeal.  Under the "prisoner mailbox rule," a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing.  ***Commonwealth v. Jones***, 700 A.2d 423, 426 (Pa. 1997); ***see also Commonwealth v. Cooper***, 710 A.2d 76, 78 (Pa. Super. 1998) ("[F]or

---

[3] Bennett also was offered and subsequently accepted a guilty plea for third-degree murder and received a sentence of 10 to 20 years' imprisonment.  However, unlike Wyatt, Bennett's sentence for the third-degree murder was concurrent with Bennett's other sentences.  Therefore, Bennett's aggregate term of incarceration was 22½ to 45 years compared to Wyatt's 30 to 60 years in prison.

[4] Wyatt did not assert an ineffective assistance of counsel claim.

[5] On November 4, 2019, in consideration of Wyatt's response to our order to show cause why this appeal should not be quashed as untimely, we discharged the show cause order and referred the issue to the merits panel.

prisoners proceeding *pro se*, a notice is deemed filed as of the date it is deposited in the prison mail system.").

Pennsylvania Rule of Appellate Procedure 121 provides, in relevant part:

A *pro se* filing submitted by a prisoner incarcerated in a correctional facility is deemed filed as of the date it is delivered to the prison authorities for purposes of mailing or placed in the institutional mailbox, as evidenced by a properly executed prisoner cash slip or other reasonably verifiable evidence of the date that the prisoner deposited the pro se filing with the prison authorities.

Pa.R.A.P. 121(a). A prisoner bears the burden of proving delivery of the notice to prison authorities within the prescribed time period for its filing. ***See Jones***, 700 A.2d at 426. Reasonable verifiable evidence for proving timely delivery includes, but is not limited to, a Postal Form 3817 certificate of mailing or a prison "cash slip" noting a prisoner account deduction and the date of mailing. ***Id.*** The court may also consider a prisoner's affidavit attesting to the date of deposit, as well as evidence regarding the operating procedures of the mail delivery service in question. ***Id.*** "Where . . . the facts concerning the timeliness [of the filing] are in dispute, a remand for an evidentiary hearing may be warranted." ***Id.*** at 426 n.3

In the present case, in his response to our show cause order, Wyatt claimed that his notice of appeal was timely because he delivered the notice to the prison authorities on April 24, 2019. He further claimed that on May 14, 2019, his mother found out that the alleged April 24, 2019 notice was never received. Thus, according to Wyatt, on May 15, 2019, he resubmitted the notice of appeal. Despite Wyatt's claims, the certified record does not

contain the envelope in which the April 24, 2019 notice of appeal allegedly was mailed. Although the record contains a cash slip, it is unclear whether it pertains to the April 24, 2019 notice of appeal.

The certified record reveals that Wyatt filed a notice of appeal on May 16, 2019, eight days beyond the last day of the appeal period—May 8, 2019. The May 16, 2019 notice of appeal and certificate of service, however, are dated April 24, 2019. As a result, it is possible that Wyatt placed the *pro se* documents in the hands of prison officials on or prior to May 8, 2019.[6] Thus, on the record before us a factual question exists as to whether the notice of appeal was timely filed pursuant to the "prisoner mailbox rule."

Accordingly, we remand this case to the PCRA court to hold an evidentiary hearing to determine whether Wyatt delivered his *pro se* notice of appeal to prison authorities within thirty days of the April 8, 2019 PCRA order. In other words, applying the "prisoner mailbox rule," whether Wyatt's appeal was timely filed on or before May 8, 2019. In the event the PCRA court finds that Wyatt's notice of appeal was filed timely, it is directed to file a detailed supplemental Rule 1925(a) opinion within sixty (60) days following the conclusion of the evidentiary hearing.

Case remanded for proceedings consistent with this memorandum. Panel jurisdiction retained.

---

[6] The Commonwealth takes no position on the timeliness of Wyatt's appeal. Commonwealth's Brief at 6 n.2.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/9/20