J-S02018-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SAMUEL EUGENE PAGE | : | |
| | : | |
| Appellant | : | No. 833 MDA 2022 |

Appeal FROM the Judgment of Sentence Entered December 21, 2021
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0001029-2020

BEFORE: PANELLA, P.J., OLSON, J., and DUBOW, J.

MEMORANDUM BY OLSON, J.: **FILED: MARCH 29, 2023**

Appellant, Samuel Eugene Page, appeals from the judgment of sentence entered on December 21, 2021, following his jury trial convictions for aggravated indecent assault, indecent exposure, unlawful contact with a minor, endangering the welfare of a child, corruption of a minor, and two counts each of involuntary deviate sexual intercourse with a child, indecent assault with a complainant less than 13 years of age, and incest with a minor.[1] Because this appeal is untimely, this Court lacks jurisdiction to consider it. Thus, we quash.

We briefly summarize the facts and procedural history of this case as follows. On July 13, 2020, Lycoming County Children and Youth Services (CYS) received a report of that a six-year-old girl had been sexually abused.

---

[1] 18 Pa.C.S.A. §§ 3125(a)(7), 3127(a), 6318(a)(1), 4304(a)(1), 6301(a)(1)(ii), 3123(b), 3126(a)(7), and 4302(b)(1), respectively.

While giving the victim a bath, the child's maternal grandmother reported that she noticed a large rash on the child's thigh near her genitals. The victim informed her maternal grandmother and step-grandfather that Appellant, the victim's father, engaged in various types of sexual abuse with her including touching her genitals with his hands and his mouth, coercing her to touch his penis, engaging her in masturbatory motions, and convincing her to perform oral sex upon him. The victim stated that sometimes Appellant would put "a balloon" on his "thing." A CYS caseworker interviewed the child the following day and the victim physically demonstrated the abuse she suffered. Furthermore, after the abuse was reported, the victim's mother found strawberry-flavored lubricant and condoms in the bedroom she shared with Appellant. The victim's mother adamantly denied that she used such items or knew about them.

A two-day jury trial commenced September 16, 2021. At trial, maternal grandmother, maternal step-grandfather, the CYS caseworker, the victim, the victim's mother, and the investigating police officer testified for the Commonwealth. Appellant and his father-in-law, the victim's biological maternal grandfather, testified for the defense. Ultimately, the jury convicted Appellant of the aforementioned crimes. On December 21, 2021, the trial court sentenced Appellant to an aggregate term of 52 to 107 years of imprisonment and designated Appellant as a sexually violent predator. On

January 3, 2022, Appellant filed a timely post-sentence motion.[2] The trial court held a hearing on Appellant's post-sentence motion on March 15, 2022. By order and accompanying opinion entered on May 2, 2022, the trial court denied post-sentence relief. Appellant filed a notice of appeal on June 2, 2022.

Before reaching the issues Appellant raises on appeal, we must first determine whether Appellant timely filed his notice of appeal in order to establish our jurisdiction to dispose of this matter. *See Commonwealth v. Cooper*, 710 A.2d 76, 78 (Pa. Super. 1998) (holding this Court must address timeliness of appeal *sua sponte* because it implicates our jurisdiction). For this Court to have jurisdiction, Appellant's notice of appeal must have been filed within 30 days of the denial of his post-sentence motion. *See* Pa.R.Crim.P. 720(2)(a) ("if the defendant files a timely post-sentence motion, the notice of appeal shall be filed within 30 days of the entry of the order

---

[2] We note that a post-sentence motion must be filed within 10 days of the imposition of judgment of sentence. *See* Pa.R.Crim.P. 720. As such, Appellant was required to file his post-sentence motion by Friday, December 31, 2021. When the final day for filing falls on a Saturday, Sunday or a federal holiday, however, that day is omitted from the computation. *See* 1 Pa.C.S.A. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation."). "New Year's Day, January 1" is a "legal public holiday." *See* 5 U.S.C.A. § 6103(a). However, when the federal holiday "occurs on a Saturday, the Friday immediately before is a legal public holiday[.]" 5 U.S.C.A. § 6103(b)(1). Here, because New Year's Day 2022, or January 1, 2022, fell on a Saturday, the preceding Friday, December 31, 2021, was the official federal holiday, so it is omitted from computation. Likewise, we do not include Saturday or Sunday in the computation either. Accordingly, Appellant's post-sentence motion filed on Monday, January 3, 2022 was timely.

deciding the motion") (internal capitalization and punctuation omitted); *see also* Pa.R.A.P. 903(a) (filing of notice of appeal shall occur within 30 days of entry of final and appealable order); *Cooper*, 710 A.2d at 78 (the court lacks jurisdiction if notice of appeal is not timely filed).

Pursuant to Pennsylvania Rule of Criminal Procedure 114, an order is properly entered on the docket when the entry for the order indicates "(a) the date of receipt in the clerk's office of the order or court notice; (b) the date appearing on the order or court notice; and (c) the date of service of the order or court notice." Pa.R.Crim.P. 114(C)(2). The thirty-day period for appealing from a criminal order other than a judgment of sentence begins to run on the day that the order is served on the parties by the clerk of courts. *See* Pa.R.A.P. 108(a)(1) and (d). Service may be accomplished by "sending a copy by facsimile transmission or other electronic means if the party's attorney, or the party if unrepresented, has filed a written request for this method of service[.]" Pa.R.Crim.P. 114(B)(3)(a)(vi). "A party's attorney, or the party if unrepresented, may request to receive service of court orders or notices pursuant to [Rule 114] by facsimile transmission or other electronic means by[:] (i) filing a written request for this method of service in the case or including a facsimile number or an electronic address on a prior legal paper filed in the case; or (ii) filing a written request for this method of service to be performed in all cases, specifying a facsimile number or an electronic

address to which these orders and notices may be sent."
Pa.R.Crim.P.114(B)(3)(c)(i)-(ii).[3]

---

[3] Further, the note to Rule of Criminal Procedure 114 provides, in pertinent part:

> Paragraph (B)(3)(c) provides two methods for consenting to the receipt of orders and notices electronically. The first method, added to this rule in 2004, permits electronic service on a case-by-case basis with an authorization for such service required to be filed in each case. A facsimile number or an electronic address set forth on letterhead is not sufficient to authorize service by facsimile transmission or other electronic means under paragraph (B)(3)(c)(i). The authorization for service by facsimile transmission or other electronic means under this rule is valid only for the duration of the case. A separate authorization must be filed in each case the party or attorney wants to receive documents by this method of service.

> The second method was added in 2010 to provide the option of entering a "blanket consent" to electronic service in all cases. It is expected that this would be utilized by those offices that work frequently in the criminal justice system, such as a district attorney's office or public defender's office, or by a judicial district that has the capability, based upon the availability of local technological resources, to accept a general request from a party to receive court orders and notices electronically. For example, a judicial district may have a system for electronically scanning documents that are stored on the courthouse computer system. In such a situation, an office that is part of the system, such as the District Attorney's Office or the Public Defender's Office, could consent to the receipt of all court orders and notices generally. As with service under paragraph (B)(3)(c)(i), a facsimile number or an electronic address set forth on letterhead is not sufficient to authorize service by facsimile transmission or other electronic means under paragraph (B)(3)(c)(ii). This consent may be rescinded as provided in paragraph (B)(3)(c).

Pa.R.Crim.P. 114, note.

Here, our review of the docket indicates that both the Commonwealth and defense counsel agreed to receive e-mail correspondence from the prothonotary and provided specific e-mail addresses to the trial court.[4] Furthermore, the trial court docket indicates that the order denying post-sentence relief was filed on May 2, 2022, and the prothonotary provided "eService" notice to the parties on the same day. Therefore, Appellant was required to file his notice of appeal within 30 days of notice of the entry of May 2, 2022 order, or by June 1, 2022. Because Appellant filed his notice of appeal on June 2, 2022, it is patently untimely and we are without jurisdiction to consider Appellant's appeal.[5] Accordingly, we quash this appeal.

_____

[4] In fact, our review of the trial court docket reveals that the prothonotary provided Appellant's counsel and the Commonwealth electronic notice and service in every instance during the pendency of this case. Accordingly, there is no indication that the prothonotary's method of giving notice and service via e-mail was improper or that Appellant's attorney objected or requested an alternative method of service.

[5] Assuming we had jurisdiction, Appellant's claims otherwise lack merit. Appellant asserts that the trial court abused its discretion by: (1) limiting the trial testimony of Richard Scott, the victim's maternal grandfather and Appellant's former father-in-law; and (2) imposing an excessive, aggregate sentence. Appellant's Brief at 15. More specifically, Appellant contends the trial court erred by precluding Scott's proffered testimony that he witnessed his daughter, Appellant's wife, "inappropriately touch the child with her mouth and fingers" and that Appellant's wife had made "false allegations of sexual abuse against Scott [when she was a child] that eventually were determined to be unfounded." *Id.* at 20. The trial court ultimately determined the proffered testimony "revolved around smearing different witnesses' character or raising issues that were prevalent twenty (20) to thirty (30) years ago" and, therefore, "was not relevant to the question of whether [Appellant] repeatedly sexually abused his young child." Trial Court Opinion, 5/2/2022, at 6. Next, Appellant maintains that his overall sentence is manifestly
*(Footnote Continued Next Page)*

Appeal quashed for lack of jurisdiction.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/29/2023

excessive, "essentially guarantees life imprisonment" and "is unduly harsh in light of his prior record score of zero" and that the trial court refused to consider Appellant's rehabilitative needs because he continues to maintain his innocence. Appellant's Brief at 29. The trial court imposed three mandatory minimum sentences and all the individual sentences were within the sentencing guidelines. Trial Court Opinion, 5/2/2022, at 7-9. The trial court also noted that Appellant showed no remorse despite "sexually abusing his daughter for at least two (2) years [leaving] her with significant trauma for the remainder of her life." *Id.* at 9. The trial court noted that this case was "one of the worst cases" it had seen and believed the "sentence should reflect that." *Id.* Upon review of the record and applicable law, we discern no abuse of discretion regarding either claim.