J-S05009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LARRY ROBERT STIEFEL | : | |
| | : | |
| Appellant | : | No. 446 WDA 2017 |

Appeal from the Judgment of Sentence February 10, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):
CP-02-CR-0002541-2004

BEFORE: OLSON, J., OTT, J., and STRASSBURGER*, J.

MEMORANDUM BY OLSON, J.: **FILED FEBRUARY 28, 2018**

Appellant, Larry Robert Stiefel, appeals from the judgment of sentence entered on February 10, 2017. We quash this appeal.

The trial court thoroughly summarized the underlying facts and procedural posture of this case. As the trial court explained:

> On October 8, 2004, [Appellant pleaded] *nolo contendere* to five counts of robbery-serious bodily injury [(at Counts One through Five)], one count of burglary [(at Count Six),] and one count of criminal conspiracy [(at Count Seven)]. That day, the trial court] sentenced Appellant to [serve 11 ½ to 23 months in jail] on the first robbery count and [to serve] six consecutive [one-year] terms of probation [on the remaining counts]. The charges stemmed from an incident on January 19, 2004, [where] Appellant [and a co-conspirator] used a semi-automatic machine gun to rob a woman in the stairwell of her apartment building.
>
> [On November 16, 2006, Appellant pleaded guilty to escape and possession of a controlled substance; he received an aggregate term of 11 ½ to 23 months in jail for the new

_____
* Retired Senior Judge assigned to the Superior Court.

offenses. Further, as a result of the new convictions, on March 14, 2007, the trial court revoked Appellant's probation at Count Two (robbery-serious bodily injury), and resentenced Appellant to serve one to two years in jail, followed by four years of probation, for the conviction. N.T. Re-Sentencing Hearing, 3/14/07, at 11.]

[In 2010, Appellant pleaded guilty, in Butler County, to aggravated assault, robbery, unlawful restraint, and simple assault. On July 26, 2011, the Butler County trial court sentenced Appellant to serve an aggregate term of 20 to 40 years in prison for his convictions.]

As a result of the conviction[s] in Butler County, [the trial court] revoked [Appellant's] probation on May 15, 2012. After reviewing the pre-sentence report, [the trial court re-sentenced] Appellant to four to eight [years'] incarceration at Count Two (robbery-serious bodily injury), consecutive to the Butler County sentence and no further penalty on the remaining counts.

. . .

On August 26, 2013, the Butler County case was vacated and remanded for a new trial. As a result of the entire sentencing scheme being upset, on March 24, 2014, the Allegheny County case was also remanded. Appellant entered into a plea agreement [in] the Butler County case on November 30, 2016. [Specifically, Appellant pleaded guilty to simple assault and unlawful contact in Butler County; the Butler County trial court sentenced Appellant to time-served].

On February 10, 2017, [Appellant appeared before the trial court for re-sentencing on his probation violation. That day, the trial court re-sentenced Appellant to serve the same four-to-eight-year sentence that it had originally imposed].

Trial Court Opinion, 12/10/12, at 1-2; Trial Court Opinion, 7/20/17, at 1-2

(some internal capitalization omitted).

On February 22, 2017, Appellant filed a "Petition for Permission to File Post-Sentence Motion[] *Nunc Pro Tunc*" (hereinafter "Appellant's Petition"). Appellant attached a post-sentence motion to his petition and, within the post-sentence motion, Appellant asserted the following claim:

> The [trial] court erred in imposing a manifestly excessive sentence which did not comport with the dictates of the sentencing code, 42 [Pa.C.S.A. §§] 9721 . . . and 9781. . . . More specifically, the sentence imposed is erroneous because the sentencing court failed to consider, as it must, the nature and circumstances of the offense as it relates to the impact on the life of not only the victim but also the community at large; the history and characteristics of the defendant, including his rehabilitative needs; and whether the confinement imposed is consistent with the protection of the public, in violation of 42 [Pa.C.S.A.] § 9781. Moreover, the sentencing court focused solely upon the seriousness of the offense to the exclusion of all else, including the defendant's statements that he was ready and willing to work hard to become a productive member of society, by resuming his landscaping business.

Appellant's Post-Sentence Motion, 2/22/17, at 2-3.

The trial court granted Appellant's Petition on February 27, 2017 and permitted Appellant to file the post-sentence motion *nunc pro tunc*; however, the trial court denied Appellant's post-sentence motion on February 28, 2017. Trial Court Order, 2/27/17, at 1; Trial Court Order, 2/28/17, at 1.

On March 21, 2017, Appellant filed a *pro se* notice of appeal from his judgment of sentence; Appellant's *pro se* correspondence was dated March 16, 2017. Also on March 21, 2017, Appellant filed a counseled notice of

- 3 -

appeal from the judgment of sentence. *See* Appellant's *Pro Se* Notice of Appeal, dated 3/16/17, at 1; Appellant's Notice of Appeal, 3/21/17, at 1.

Appellant later requested to proceed *pro se* on appeal and, on May 5, 2017, the trial court held a ***Grazier***[1] hearing in response to Appellant's request. Following the ***Grazier*** hearing, the trial court concluded that Appellant knowingly, intelligently, and voluntarily waived his right to counsel during the appellate proceedings. The trial court thus granted Appellant's request to proceed *pro se* in the current appeal. N.T. ***Grazier*** Hearing, 5/5/17, at 11-12. We now quash this untimely appeal.

Before we are able to consider the merits of Appellant's claims, we must first determine whether the appeal is timely. Indeed, even though neither party has claimed that the appeal is untimely, "we are required to consider the [timeliness of this appeal] *sua sponte* because the issue [implicates] our subject matter jurisdiction." ***Commonwealth v. Cooper***, 710 A.2d 76, 78 (Pa. Super. 1998).

Pennsylvania Rule of Criminal Procedure 708 establishes the required procedure for revocation of probation, intermediate punishment, or parole proceedings. With respect to post-sentence proceedings in revocation cases, Rule 708 declares:

**(E) Motion to Modify Sentence**

---

[1] ***See Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

> A motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition. **The filing of a motion to modify sentence will not toll the 30-day appeal period**.

Pa.R.Crim.P. 708(E) (emphasis added).

Thus, pursuant to the plain terms of the above rule, "the mere filing of a motion to modify sentence does not affect the running of the 30-day period for filing a timely notice of appeal. Any appeal must be filed within the 30-day appeal period unless the sentencing judge within 30 days of the imposition of sentence expressly grants reconsideration or vacates the sentence." Pa.R.Crim.P. 708 cmt.

As noted, on February 10, 2017, Appellant appeared before the trial court for re-sentencing on his probation violation; the trial court then re-sentenced Appellant to serve a term of four to eight years in prison for violating his probation at Count Two (robbery-serious bodily). Afterwards, Appellant filed a motion to modify his sentence. Yet, since the trial court denied Appellant's motion to modify, Appellant's motion did not toll the 30-day appeal period. Pa.R.Crim.P. 708(E). As such, Appellant was required to file his notice of appeal on or before Monday, March 13, 2017. Appellant did not file his notice of appeal until March 21, 2017.[2] Therefore, the current

---

[2] Even if we were permitted to consider Appellant's *pro se* notice of appeal in addition to the notice of appeal filed by his counsel, the *pro se* filing is dated March 16, 2017; thus, even if we were permitted to consider the filing, we would still be required to quash this appeal.

appeal is untimely. We do not have subject matter jurisdiction over this appeal.

Appeal quashed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/28/2018