J-S67006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAMONT JOHNSON | : | |
| | : | |
| Appellant | : | No. 779 EDA 2017 |

Appeal from the Judgment of Sentence January 23, 2017
In the Court of Common Pleas of Delaware County
Criminal Division at No(s):  CP-23-CR-0008104-2014

BEFORE:   OTT, J., NICHOLS, J., and STRASSBURGER*, J.

MEMORANDUM BY OTT, J.:                    **FILED APRIL 08, 2019**

Lamont Johnson appeals from the judgment of sentence imposed on January 23, 2017, in the Court of Common Pleas of Delaware County.  Based on our review, we remand for an evidentiary hearing concerning the timeliness of this appeal.

Briefly, we note that, on December 1, 2016, a jury found Johnson guilty of two drug charges.  On January 23, 2017, the trial court subsequently sentenced him to an aggregate term of 70 to 140 months' imprisonment.  In late February 2017, Johnson, acting *pro se*, filed a notice of appeal.[1]

_____

* Retired Senior Judge assigned to the Superior Court.

[1] We are unable to ascertain from the record whether trial counsel abandoned Johnson or Johnson chose to file his own notice of appeal.  The record does

The Commonwealth contends that we should quash the instant appeal as untimely because Johnson's 30-day appeal period from the sentence imposed expired on February 22, 2017, and Johnson did not file his *pro se* notice of appeal until February 24, 2017. Johnson, however, takes the position that he signed his notice of appeal and gave it to prison officials for mailing on February 22, 2017, and, therefore, is entitled to use that date as the date of filing pursuant to the "prisoner mailbox rule."

Under the "prisoner mailbox rule," we deem a *pro se* prisoner's document filed on the date he delivers it to prison authorities for mailing. **Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997). **See also Commonwealth v. Cooper**, 710 A.2d 76, 78 (Pa. Super. 1998) ("[F]or prisoners proceeding *pro se*, a notice is deemed filed as of the date it is deposited in the prison mail system.").

The Commonwealth argues that the date of signature is not dispositive of the issue of when Johnson gave the documents to prison officials. The Commonwealth's Brief, at 13-14. We agree.

Because Johnson's *pro se* notice of appeal was filed outside the thirty-day period, we directed him to show cause why the appeal should not be

_____

indicate that Johnson and trial counsel did not have a harmonious relationship. In any event, we note that, in **Commonwealth v. Williams**, 151 A.3d 621 (Pa. Super. 2016), a panel of this Court held that we are required to docket and honor *pro se* notices of appeal filed by represented criminal defendants.

dismissed as untimely filed.[2]  **See** Order, 6/21/2017.  Johnson's counsel answered the show cause order, claiming that the appeal was timely under the "prisoner mailbox rule" because his *pro se* notice of appeal with accompanying proof of service were dated February 22, 2017.

> Pennsylvania Rule of Appellate Procedure 121 provides, in relevant part:
>
> A *pro se* filing submitted by a prisoner incarcerated in a correctional facility is deemed filed as of the date it is delivered to the prison authorities for purposes of mailing or placed in the institutional mailbox, as evidenced by a properly executed prisoner cash slip or other reasonably verifiable evidence of the date that the prisoner deposited the *pro se* filing with the prison authorities.

Pa.R.A.P.121(a).  A prisoner bears the burden of proving delivery of the notice to prison authorities within the prescribed time for its filing.  **See Jones**, **supra** at 426.  Reasonable verifiable evidence for proving timely delivery includes, but is not limited to, a Postal Form 3817 certificate of mailing or a prison "cash slip" noting a prisoner account deduction and the date of mailing. **Id.**  The court may also consider a prisoner's affidavit attesting to the date of deposit, as well as evidence regarding the operating procedures of the mail delivery service in question.  **Id.**

"Where . . . the facts concerning the timeliness [of the filing] are in dispute, a remand for an evidentiary hearing may be warranted." **Id.** at 426 n.3.

---

[2] We discharged the show cause order on October 2, 2017, and referred the issue to the merits panel.  **See** Order, 10/02/2017.

In the present case, the record does contain a copy of the envelope in which the prison mailed the notice of appeal, and it is dated February 24, 2017, after the thirty-day period expired. It does not contain a prison cash slip. Nonetheless, based on the hand-written date of "2/22/2017" on Johnson's notice of appeal and proof of service, it is possible that Johnson placed the *pro se* documents in the hands of prison officials on that date.

As it cannot be determined on the record before us if Johnson timely filed his appeal, we remand this case to the trial court to hold an evidentiary hearing to determine whether Johnson timely delivered his *pro se* notice of appeal to prison authorities, and to file a supplemental opinion within 45 days of the date of the filing of this memorandum.

Case remanded for proceedings consistent with this memorandum. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/8/19