J-S15007-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER LEE REAMS | : | |
| | : | |
| Appellant | : | No. 1014 WDA 2019 |

Appeal from the PCRA Order Entered May 10, 2019
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s):  CP-17-CR-0000822-2012

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER LEE REAMS | : | |
| | : | |
| Appellant | : | No. 1015 WDA 2019 |

Appeal from the PCRA Order Entered May 10, 2019
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s):  CP-17-CR-0000824-2012

BEFORE:   BENDER, P.J.E., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED MAY 1, 2020**

Appellant, Christopher Lee Reams, appeals *pro se* from the May 10, 2019 order denying his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, in each of his two underlying cases.[1]  After

---

[*] Former Justice specially assigned to the Superior Court.

[1] This Court *sua sponte* consolidated Appellant's appeals by *per curiam* order entered July 31, 2019.

careful review, we vacate the court's order and remand for further proceedings consistent with this memorandum.

On February 7, 2013, Appellant pled guilty to rape of a child and related offenses, based on his sexual abuse of two victims, an eight-year-old boy and a five-year-old girl. Before his sentencing hearing, Appellant filed a motion to withdraw his plea, which the court denied. He was sentenced on September 5, 2013, to an aggregate term of 20 to 40 years' incarceration. This Court affirmed Appellant's judgment of sentence on direct appeal. *Commonwealth v. Reams*, 2015 WL 6460301 (Pa. Super. filed Oct. 6, 2015) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court.

On September 19, 2016, Appellant filed the timely, *pro se* PCRA petition that underlies the present appeal. Therein, he asserted that he was innocent of the charges to which he pled guilty; the police had coerced him into confessing to the crimes; his sentence was manifestly unreasonable; and he had witnesses who could "confirm that the victim's mother admitted that she was mad at [Appellant,] thus proving a motive for bringing these allegations against [him]." *Pro Se* PCRA Petition, 9/19/16, at 3. In regard to these potential witnesses, Appellant stated that if a hearing were conducted, he would call to the stand Danielle Huber and Dana McGarvey, who could offer testimony establishing that the victim's mother had a motive for falsely

- 2 -

accusing Appellant of the crimes.[2]  Appellant also claimed that he would call Bertha Reams and Erma Charney to offer testimony of Appellant's good character.

Additionally in his petition, Appellant asserted that his trial counsel was ineffective for permitting him to enter a plea that was unknowing, unintelligent, and involuntary.  *Id.*  At a later point in the petition, he further contended that his counsel was ineffective for coercing him to plead guilty, for failing to argue that his sentence was excessive in light of mitigating evidence, and that his counsel ineffectively "fail[ed] to investigate the facts of the case." *Id.* at 7.

The PCRA court appointed J.D. Ryan, Esq., to represent Appellant in the litigation of his petition.  On August 2, 2017, Attorney Ryan filed a petition to withdraw and a "no-merit letter" in accordance with **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  On August 25, 2017, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition. Appellant thereafter filed a response, contending, *inter alia*, that his trial counsel was ineffective for failing to investigate the four witnesses he named in his *pro se* petition (Huber, McGarvey, Reams, and Charney).  Appellant additionally averred that Attorney Ryan was ineffective "because, like trial

---

[2] Although there were two separate victims of Appellant's crimes, he refers to the victim singularly in his petition, and on appeal.  It is not clear if this is a typo, or if his claims pertain to only one of the victims.  This distinction is not dispositive of our analysis herein.

counsel, he failed to fully investigate this case." *Pro Se* Response, 11/6/17, at 6 (unnumbered). Namely, Appellant explained that Attorney Ryan had not spoken to the witnesses named in his petition to ascertain if trial counsel had been ineffective for failing to contact them. *Id.*

After Appellant filed his response, no action was taken by the PCRA court for over a year. On May 8, 2019, Appellant filed a *pro se* "Motion for Issuance of Final Orders and Request for Counsel to Surrender Appellant's Entire Case File[,]" asking, *inter alia*, that the court order Attorney Ryan to provide Appellant with his "case file (to include all discovery and transcripts and other documents related) … so that [Appellant] may fully appeal to the higher courts." *Pro Se* Motion, 5/8/19, at 3 (unnumbered). On May 10, 2019, the PCRA court issued an order stating that the case had fallen "through the proverbial 'judicial cracks.'" Order, 5/10/19, at 1-2 (unnumbered). The order then dismissed Appellant's petition, granted Attorney Ryan's petition to withdraw, and denied Appellant's request for the court to order Attorney Ryan to send the case file to Appellant.

Appellant filed timely, *pro se* notices of appeal in each of his two cases.[3] He also complied with the PCRA court's order to file a Pa.R.A.P. 1925(b)

_____

[3] We note that Appellant's notices of appeal were not time-stamped until June 19, 2019. However, the envelope in which his notice of appeal was mailed is stamped with the date of June 10, 2019. Accordingly, pursuant to the prisoner mailbox rule, Appellant's *pro se* appeals are timely. **See Commonwealth v. Cooper**, 710 A.2d 76, 78 (Pa. Super. 1998) (stating that the prisoner mailbox rule means "that, for prisoners proceeding *pro se*, a notice is deemed filed as of the date it is deposited in the prison mail system").

concise statement of errors complained of on appeal. The PCRA court filed its Rule 1925(a) opinion on August 15, 2019.

Herein, Appellant states one issue for our review: "Did the [PCRA c]ourt err in [its] order o[f] May [10], 2019[,] dismissing Appellant's PCRA [petition] with prejudice?" Appellant's Brief at 1 (page unnumbered; unnecessary capitalization omitted). However, in the Argument section of Appellant's brief, he raises several distinct sub-claims.[4] For purposes of this appeal, we need only discuss Appellant's argument that his trial counsel — and his PCRA counsel, Attorney Ryan — were both ineffective for not contacting the witnesses listed in Appellant's *pro se* PCRA petition. ***See id.*** at 8-14. Appellant explains:

> In this instant case, trial counsel, then PCRA counsel, failed to talk to key witnesses, Danielle Huber, Dana McGarvey, Bertha Reams, and Erma Charney. These witnesses could have testified that the victim's mother had stated to … Appellant's mother that she had threatened that if … Apellant [*sic*] ever broke up with her, she would tell the police that Appellant had "touched her daughter[."] Danielle Huber and Dana McGarvey can testify that the victim's mother, Penna Baker, admitted that she made allegations about … [Appellant] because she was mad at him, because he was engaged to Patricia Chucko[,] due to the fact that Ms. Baker and … Appellant used to date each other. The basis of Erma Cherney's [*sic*] testimony can attest to the character of … [Appellant] and that there are other issues involved in this case. Bertha Reams can testify to the threat made by the victim's mother, and the fact that Appellant has never faced allegations of any kind of wrongdoing with his own children. This is substantial evidence, that if trial counsel had investigated in the first place, he would

---

[4] While we do not condone Appellant's failure to set forth his sub-claims in his Statement of the Questions Involved, that error does not inhibit our ability to meaningfully review his issues.

have never agreed to, nor allowed Appellant to plead guilty to crimes he did not commit. A hearing should have been held by the [PCRA c]ourt to determine why trial counsel failed to investigate or interview Appellant's witnesses to determine their usefulness at trial. [T]he failure to do so is ineffective assistance of counsel.

[] PCRA counsel[, Attorney Ryan,] was ineffective because, like trial counsel, he failed to fully investigate this case. … Appellant's witnesses were listed on Appellant's *[p]ro [s]e* PCRA petition, however[, Attorney Ryan] failed to contact them to determine the requisite inquiries as to whether they were willing, able, and available to testify for … [A]ppellant. [Attorney Ryan] also failed to interview the witnesses to determine trial counsel's ineffectiveness, and also determine whether such testimony was helpful to … Appellant.

[Attorney Ryan] only filed for legal fees and filed a [**Turner/**]**Finley** letter. New counsel should [*sic*] be appointed with strict instructions to fully investigate the case, interview all witnesses and determine the ineffectiveness of trial and PCRA counsel.

*Id.* at 14-15.

After carefully reviewing the record in this case, we must agree with Appellant that Attorney Ryan acted ineffectively, at least by filing an inadequate **Turner/Finley** no-merit letter.[5] In Appellant's *pro se* petition, he set forth the names of his four prospective witnesses, and averred, generally, that his trial counsel failed to investigate the facts of his case. Attorney Ryan, however, made no mention of the witnesses in his **Turner/Finley** no-merit

_____

[5] Appellant preserved his challenge to PCRA counsel's ineffectiveness in his response to the court's Rule 907 notice. **See Commonwealth v. Pitts**, 981 A.2d 875, 880 n.4 (Pa. 2009) (finding that Pitts waived his challenge to PCRA counsel's ineffectiveness by failing to raise that claim in a response to the court's Rule 907 notice or counsel's petition to withdraw).

letter, and he did not discuss whether trial counsel had acted ineffectively by not contacting or investigating those individuals.

We also observe that in Appellant's *pro se* response to the court's Rule 907 notice, he more clearly raised his ineffectiveness claim, setting forth the same argument he presents in his appellate brief, quoted above. Appellant also contended that Attorney Ryan was ineffective for seeking to withdraw without exploring this trial-counsel-ineffectiveness claim or contacting the witnesses. In light of Appellant's response, the PCRA court should have directed Attorney Ryan to evaluate the merits (or lack thereof) of Appellant's ineffectiveness issue premised on the four witnesses listed in his *pro se* petition. By instead dismissing Appellant's PCRA petition, and granting counsel's petition to withdraw, the court effectively deprived Appellant of his rule-based right to have counsel's assistance in litigating all of the issues presented in his first PCRA petition. **See** Pa.R.Crim.P. 904(C) ("Except as provided in paragraph (H), when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief.").

Accordingly, we must vacate the PCRA court's order denying Appellant's petition and granting Attorney Ryan's petition to withdraw.[6] We remand for

_____

[6] Given this disposition, we need not address the other claims Appellant raises on appeal. However, we note that, were we affirming the PCRA court's order

- 7 -

Attorney Ryan to again review Appellant's *pro se* PCRA petition, as well as his response to the court's Rule 907 notice, and evaluate all of the claims raised therein, including whether trial counsel acted ineffectively by not contacting the witnesses listed by Appellant. Counsel may then discern if any of Appellant's issues have arguable merit and, if so, seek leave to file an amended PCRA petition on Appellant's behalf. Alternatively, if counsel can find no arguably meritorious claims, he may again seek to withdraw and file a ***Turner/Finley*** no-merit letter addressing each of Appellant's issues.

Order vacated. Case remanded for further proceedings. The Prothonotary of this Court is hereby ordered to return the record to the trial court. Jurisdiction relinquished.

_____

permitting Attorney Ryan to withdraw and dismissing Appellant's petition, we would agree with Appellant that the court erred by not granting his motion to order Attorney Ryan to provide Appellant with a copy of his case file. When an attorney is permitted to withdraw, he/she should provide the client with the case file, if so requested. ***See*** Pa.R.Prof.Conduct 1.4(a)(4) (stating that a lawyer must "promptly comply with reasonable requests for information" from his client); Pa.R.Prof.Conduct 1.16(d) (stating that, "[u]pon termination of representation," a lawyer must take "steps to the extent reasonably practicable to protect a client's interests, such as … surrendering papers and property to which the client is entitled"). Here, we would discern no basis for the court to deny Appellant's request to order Attorney Ryan to provide him with the case file. Nevertheless, given our decision to vacate the court's order permitting Attorney Ryan to withdraw, Appellant's claim that the court erred in this regard is moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/1/2020