J-S17033-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| XAVIER JASON PAGAN | : | |
| | : | |
| Appellant | : | No. 199 MDA 2021 |

Appeal from the PCRA Order Entered December 30, 2020
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0004619-2012

BEFORE:  STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED JUNE 22, 2021**

Xavier Jason Pagan (Pagan) appeals from the December 30, 2020 order of the Court of Common Pleas of Berks County (PCRA court) dismissing his second petition filed pursuant to the Post-Conviction Relief Act[1] (PCRA) as untimely.  We affirm.

Only a brief procedural history is necessary to our disposition.  On January 28, 2013, Pagan entered an open guilty plea to two counts each of aggravated assault and criminal conspiracy to commit aggravated assault and one count each of simple assault, criminal conspiracy to commit criminal homicide, criminal conspiracy to commit simple assault and intimidation of a

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541 *et seq.*

witness.[2]   He was sentenced to an aggregate term of 13 to 40 years of incarceration with a consecutive period of 20 years of probation.  He did not pursue a direct appeal but filed a timely first PCRA petition in August 2013.  The PCRA court dismissed the petition and this Court affirmed on December 19, 2016.  ***Commonwealth v. Pagan***, 505 MDA 2016, at *1 (Pa. Super. Dec. 19, 2016) (unpublished memorandum).

Pagan filed the instant *pro se* PCRA petition on June 5, 2020, alleging ineffective assistance of counsel at his guilty plea and sentencing hearing and claiming that he was serving an illegal sentence.  **See** Motion for Post Conviction Collateral Relief, 6/5/20, at 2, 8.  He pled that his petition met the exception to the PCRA's jurisdictional time-bar for a newly-recognized constitutional right, citing ***Apprendi v. New Jersey***, 530 U.S. 466 (2000), and ***Alleyne v. U.S.***, 570 U.S. 99 (2013).  **Id.** at 3.

On August 6, 2020, the PCRA court issued a notice of intent to dismiss the petition without a hearing concluding that the petition was untimely.  Pagan did not file a response and the PCRA court dismissed the petition on December 30, 2020.  Pagan timely appealed.[3]  The PCRA court did not order

---

[2] 18 Pa.C.S. §§ 2702(a)(1) & (4), 903(a)(1), 2701(a)(1) & 902(a).

[3] Pagan's *pro se* notice of appeal was not docketed until February 5, 2021, which was seven days after the deadline for filing a notice of appeal expired on January 29, 2021.  This Court issued a rule to show cause why the appeal should not be quashed as untimely.  Rule to Show Cause, 3/12/21.  Pagan filed a response averring that he had given his notice of appeal to prison

*(Footnote Continued Next Page)*

him to file a concise statement pursuant to Pa. R.A.P. 1925(b) but it issued a statement in lieu of opinion pursuant to Pa. R.A.P. 1925(a).

Before considering the merits of the PCRA petition, we must first determine whether the petition is timely in accordance with the PCRA's jurisdictional time-bar.[4] "A PCRA petition, including a second and subsequent petition, shall be filed within one year of the date the underlying judgment becomes final." **Commonwealth v. Graves**, 197 A.3d 1182, 1185 (Pa. Super. 2018) (citation omitted); **see also** 42 Pa.C.S. 9545(b)(1). [A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the

---

authorities for mailing on January 28, 2021, and that it should be considered timely filed pursuant to the prisoner mailbox rule. **See** Response to Rule to Show Cause, 3/19/21. The prisoner mailbox rule deems a *pro se* prisoner's legal filings as filed on the date they are delivered to prison authorities for mailing. **See Commonwealth v. Chambers**, 35 A.3d 34, 38 (Pa. Super. 2011); Pa.R.A.P. 121(a). In its statement in lieu of opinion, the PCRA court found credible the certificate of service that Pagan included with his notice of appeal, which was dated January 28, 2021. Statement in Lieu of Opinion, 2/16/21, at unnumbered 1-2; **see also Commonwealth v. Cooper**, 710 A.2d 76, 79 (Pa. Super. 1998) ("Whether [an] appellant actually deposited the notice in the prison mail system by [the deadline] is a factual question."). Thus, it concluded that the appeal was timely filed pursuant to the prisoner mailbox rule. **Id.** We defer to the PCRA court's factual finding that the notice of appeal was timely delivered to prison authorities for mailing and conclude that we have jurisdiction over Pagan's appeal.

[4] Whether a PCRA petition is timely filed is a question of law over which our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Taylor**, 65 A.3d 462, 468 (Pa. Super. 2013) (citations omitted).

Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Because the timeliness requirements of the PCRA are jurisdictional, no court may consider the merits of an untimely petition. ***Commonwealth v. Small***, 238 A.3d 1267, 1280 (Pa. 2020).

Pagan's sentence became final in 2013 after he declined to file a direct appeal from his judgment of sentence. 42 Pa.C.S. § 9545(b)(3). Because he did not file the instant petition until June 5, 2020, his petition is facially untimely and he must plead and prove one of the exceptions to the PCRA s timeliness requirements.

> There are three exceptions to the PCRA's jurisdictional time-bar:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

While Pagan pled in his *pro se* petition that his claim was timely pursuant to a newly-recognized constitutional right, he has not advanced any argument in his brief on appeal related to the timeliness of his petition. Rather, he focuses entirely on the merits of his claims. Accordingly, he has waived any

argument related to the jurisdictional time-bar. ***See*** Pa.R.A.P. 2119(a); ***Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.").

Even if Pagan had preserved his timeliness argument related to ***Apprendi*** and ***Alleyne***, he would not be entitled to relief. First, he was required to present his claim within 60 days after the United States Supreme Court issued those decisions based on the prior version of Section 9545(b)(2) of the PCRA.[5] 42 Pa.C.S. § 9545(b)(2). As ***Apprendi*** and ***Alleyne*** were decided in 2000 and 2013, respectively, his petition filed in June 2020 is well outside the 60-day time frame for raising this claim. Second, neither the United States Supreme Court nor the Pennsylvania Supreme Court have held that ***Apprendi*** and ***Alleyne*** apply retroactively, as is required to prove the exception to the time-bar. 42 Pa.C.S. § 9545(b)(2); ***see Commonwealth v. Washington***, 142 A.3d 810, 818-19 (Pa. 2016); ***Commonwealth v. Miller***, 102 A.3d 988, 995 (Pa. Super. 2014). Because Pagan has not established an exception to the time-bar, we lack jurisdiction to consider his claims.

---

[5] As of December 24, 2018, Section 9545(b)(2) states that any PCRA petition invoking a time-bar exception must be filed within one year of the date the claim first could have been presented. ***See*** Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective Dec. 24, 2018. The amendment applies only to claims arising on or after December 24, 2017.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/22/2021