J-S05012-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOEL MERCED-CASTELLANO | : | |
| | : | |
| Appellant | : | No. 453 WDA 2022 |

Appeal from the PCRA Order Entered March 16, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0008639-2015

BEFORE:  BENDER, P.J.E., LAZARUS, J., and McLAUGHLIN, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED: MAY 3, 2023**

Appellant, Joel Merced-Castellano, appeals *pro se* from the post-conviction court's order denying his second petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we vacate the court's order and remand for further proceedings.

In January of 2016, a jury convicted Appellant of various sexual offenses committed against his stepdaughter.  Appellant was sentenced on April 5, 2016, to an aggregate term of 23½ to 47 years' incarceration.  He filed a timely direct appeal, and this Court affirmed his judgment of sentence.  **See Commonwealth v. Merced-Castellano**, 179 A.3d 563 (Pa. Super. 2017) (unpublished memorandum).  Appellant did not file a petition for allowance of appeal with our Supreme Court.

Instead, on October 29, 2018, Appellant filed a timely, *pro se* PCRA petition.  Counsel was appointed and an amended petition was filed.  After a

PCRA hearing, the court denied relief in part, and granted relief in part, resentencing Appellant to an aggregate term of 22 to 44 years' incarceration. Appellant filed a timely appeal, and this Court affirmed the PCRA court's order. *See Commonwealth v. Merced-Castellano*, 249 A.3d 1159 (Pa. Super. 2021) (unpublished memorandum). Appellant filed a petition for allowance of appeal with our Supreme Court. On December 7, 2021, the Court denied that petition. *See Commonwealth v. Merced-Castellano*, 268 A.3d 1077 (Pa. 2021).

On December 17, 2021, Appellant filed the *pro se* PCRA petition underlying his present appeal. On March 16, 2022, the PCRA court issued an order denying his petition on the basis that it was filed during the pendency of his appeal from the denial of his first petition. *See* Order, 3/16/22, at 1 (single page). On April 19, 2022, Appellant filed a *pro se* notice of appeal. On May 5, 2022, the PCRA court issued an order directing Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant did not respond to that order, and on June 1, 2022, the PCRA court issued a Rule 1925(a) opinion deeming Appellant's issue(s) waived. *See* PCRA Court Opinion, 6/1/22, at 1.

Herein, Appellant presents one issue for our review:

1. Did the [PCRA] court err[] in dismissing … Appellant's PCRA [petition], [in that] the [PCRA] court claimed that … Appellant was on [appeal when] … Appellant was not, [and] even if … Appellant was on [appeal,] the [PCRA] court ignored the ruling in *Commonwealth v. Bradley*[, 261 A.3d 381 (Pa. 2021),] stating that a PCRA [petition] can be submitted even while on appeal[?]

- 2 -

Appellant's Brief at 4.

Initially, we must address the timeliness of Appellant's notice of appeal, as it implicates our jurisdiction. *See Commonwealth v. Williams*, 106 A.3d 583, 587 (Pa. 2014) ("The timeliness of an appeal and compliance with the statutory provisions granting the right to appeal implicate an appellate court's jurisdiction and its competency to act."). Appellant's notice of appeal was not filed until 34 days after the order denying his petition and, therefore, it is facially untimely. *See* Pa.R.A.P. 903(a) ("Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken."). However, Appellant, who is incarcerated, wrote a date of April 13, 2022, on his notice of appeal. He also claimed on his docketing statement that he mailed the notice of appeal on April 14, 2022, and he attached a cash slip from the Department of Corrections indicating that he mailed a document to the Allegheny County Clerk of Courts on that date. While the cash slip does not indicate what document Appellant mailed on April 14, 2022, we conclude that he presented sufficient evidence to support that he mailed his *pro se* notice of appeal on that date. Thus, under the prisoner mailbox rule, we consider April 14, 2022, as the day on which Appellant 'filed' his notice of appeal, thereby making it timely. *See Commonwealth v. Cooper*, 710 A.2d 76, 78 (Pa. Super. 1998) (stating that the prisoner mailbox rule means "that, for prisoners proceeding *pro se*, a notice is deemed filed as of the date it is deposited in the prison mail system").

- 3 -

Next, we must consider whether Appellant waived his claim for our review by not complying with the PCRA court's order to file a Rule 1925(b) statement. In his brief, Appellant states that he did not receive the court's order for him to file the concise statement due to a "mail issue" that caused the prison to return his "legal mail" to the court. Appellant's Brief at 7-8. In support, Appellant attached to his brief a prison form titled "Unacceptable Correspondence Form" indicating that mail from the Allegheny County Department of Court Records was returned to sender on May 10, 2022, due to "incorrect coding." Appellant's Brief, Appendix B. Notably, the Commonwealth essentially submits that we should disregard untimeliness of Appellant's Rule 1925(b) statement under the circumstances of this case. **See** Commonwealth's Brief at 11-12. As we are unable to confirm that Appellant actually received the court's order to file a Rule 1925(b) statement, and he maintains that he did not, we decline to find waiver based on his failure to comply with that order.

Moving on to the merits of the issue Appellant raises on appeal, he contends that the PCRA court erred by denying his instant petition on the basis that his appeal from the denial of his first petition was still pending before our Supreme Court. Appellant stresses that the Supreme Court denied his petition for allowance of appeal on December 7, 2021, and he filed his present petition on December 17, 2021. Therefore, he maintains that the PCRA court's rationale for denying his present petition was erroneous, as his appeal from

the denial of his first petition had concluded before he filed his instant PCRA petition.

Initially, the PCRA court is correct that "when an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." **Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000), *overruled on other grounds by* **Commonwealth v. Small**, 238 A.3d 1267 (Pa. 2020). However, here, the record confirms that our Supreme Court denied Appellant's petition for allowance of appeal on December 7, 2021, which was 10 days before he filed his present, *pro se* petition. Thus, we agree with Appellant that the PCRA court's basis for denying his petition was incorrect.[1] Accordingly, we vacate the court's order and remand for further proceedings.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

---

[1] The Commonwealth also concedes that the PCRA court erred. **See** Commonwealth's Brief at 10 ("[I]t appears that [A]ppellant's petition for allocatur concerning the dismissal of his first PCRA petition was no longer pending at the time he filed his second PCRA petition on December 17, 2021. Accordingly, the Commonwealth acknowledges that … the PCRA court did not lack jurisdiction to rule on [A]ppellant's second petition."). We appreciate the Commonwealth's candor.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  5/3/2023